**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MA'LISSA SIMMONS, on behalf of themselves and all others similarly situated; MONTERRUS MARSHALL, on behalf of themselves and all others similarly situated; YOLANDA CARRAWAY, on behalf of themselves and all others similarly situated; DELANA PRUITT, on behalf of themselves and all others similarly situated, *Plaintiffs-Appellants,* v. UNITED MORTGAGE AND LOAN INVESTMENT, LLC; ARTHUR E. KECHIJIAN; LARRY E. AUSTIN; AUSTIN INVESTMENTS, L.P.; KECHIJIAN INVESTMENTS, L.P.; UMLIC CONSOLIDATED, INC.; UMLIC-SEVEN CORPORATION; UMLIC HOLDINGS, LLC; UNITED MORTGAGE HOLDINGS, LLC; UNITED MORTGAGE LOAN AND INVESTMENT, LLC, *Defendants-Appellees.* | No. 09-2147 |

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Senior District Judge.
(3:07-cv-00496-GCM)

Argued: October 27, 2010

Decided: January 21, 2011

Before MOTZ and KEENAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part; vacated and remanded in part by published opinion. Senior Judge Hamilton wrote the opinion, in which Judge Motz and Judge Keenan joined.

---

## COUNSEL

**ARGUED**: Narendra K. Ghosh, PATTERSON HARKAVY, LLP, Chapel Hill, North Carolina, for Appellants. Kevin V. Parsons, SMITH, PARSONS & VICKSTROM, PLLC, Charlotte, North Carolina, for Appellees. **ON BRIEF:** Ann E. Groninger, PATTERSON HARKAVY, LLP, Charlotte, North Carolina; Burton Craige, PATTERSON HARKAVY, LLP, Raleigh, North Carolina, for Appellants. Aaron M. Christensen, SMITH AND CHRISTENSEN, LLP, Charlotte, North Carolina, for Appellees.

---

## OPINION

HAMILTON, Senior Circuit Judge:

The primary question presented in this appeal is whether the district court erred in holding that the contents of a particular letter from defense counsel to counsel for the plaintiffs, as clarified by a follow-up letter from defense counsel thirteen days later, rendered moot the plaintiffs' claims for unpaid overtime wages in a collective action under the Fair Labor

Standards Act (FLSA), 29 U.S.C. §§ 201-219, such that a live case or controversy no longer existed with respect to such claims, requiring their dismissal for lack of subject matter jurisdiction. We answer this question in the affirmative, and therefore, vacate the district court's dismissal of the plaintiffs' FLSA claims and remand for further proceedings consistent with this opinion.

I

Defendant United Mortgage and Loan Investment, LLC (United Mortgage), headquartered in Charlotte, North Carolina, is in the business of buying and servicing distressed mortgages, business loans, and consumer loans. Defendants Arthur Kechijian and Larry Austin are both corporate officers of United Mortgage. At various times, United Mortgage employed Ma'lissa Simmons, Monterrus Marshall, Yolanda Carraway, and Delana Pruitt (the Named Plaintiffs) as Junior Asset Managers.

As a general rule, the FLSA prohibits an employer from requiring "any of his employees" to work more than forty hours per workweek unless the employee receives overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). However, "any employee employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor] . . .)," is exempt from this general rule. *Id.* at § 213(a)(1). "An employer bears the burden of proving that a particular employee's job falls within [this] exemption." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008). An employer who violates the FLSA's overtime provision is "liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages . . . ." 29 U.S.C. § 216(b).

On October 17, 2007, the Named Plaintiffs filed their initial complaint (the Complaint) in North Carolina state court against United Mortgage, Arthur Kechijian, and Larry Austin (the Original Defendants). The Complaint alleged the Original Defendants: (1) paid their Junior Asset Managers as "salaried 'exempt' employees,"; (2) routinely required Junior Asset Managers to work in excess of forty hours per week; (3) "refused to pay them for hours worked in excess of 40 hours per week,"; (4) in August 2004, began requiring Junior Asset Managers to fill out time cards documenting the hours they had worked; and (5) following an investigation by the United States Department of Labor in 2006, instructed Junior Asset Managers to stop filling out the time cards. (J.A. 24). Under the heading "*FIRST CLAIM FOR RELIEF*," the Complaint alleged "[t]he position of Junior Asset Manager does not meet the standards for exemption under the FLSA, 29 U.S.C. § 213(a)(1)" and alleged the Original Defendants violated the FLSA by willfully: (1) failing to pay the Named Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty hours per week; (2) regularly and routinely requiring the Named Plaintiffs and other similarly situated employees to work off the clock; (3) failing to make, keep, and preserve accurate time records sufficient to determine the wages and hours of the Named Plaintiffs and other similarly situated employees; and (4) other practices. Additionally, the Complaint alleged that the Original Defendants were "employer[s]," within the meaning and definition of the FLSA, 29 U.S.C. § 203(d), and that the Named Plaintiffs were "employee[s]" of the Original Defendants, within the meaning and definition of the FLSA, *id.* at § 203(e).

The Named Plaintiffs brought this portion of the case as an opt-in collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and "on behalf of all persons . . . who were, are, or will be employed by United Mortgage in the position of Junior Asset Manager on or after the date that is three years before the filing of this complaint." (J.A. 20). Specifically, 29 U.S.C. § 216(b) provides that an FLSA action for

overtime compensation "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* However, unlike in a class action filed pursuant to Federal Rule of Civil Procedure 23 or a comparable state court rule, in a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a "party plaintiff" by giving "his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id. See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 919 (5th Cir. 2008) ("[U]nlike in a Rule 23 class action, in a FLSA collective action the plaintiff represents only him- or herself until similarly-situated employees opt in."). Also notable is the fact that, in an action to recover unpaid overtime and liquidated damages under the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

As relief, the Named Plaintiffs sought, on behalf of themselves and any opt-in collective action plaintiffs, "the amount of their respective unpaid wages and overtime compensation, and liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b); injunctive relief requiring defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA; and such other legal and equitable relief as the Court deems just and proper." (J.A. 27). Additionally, the Named Plaintiffs sought to recover, on behalf of themselves and the opt-in collective action plaintiffs, "their attorneys' fees and the costs, as provided by the FLSA, 29 U.S.C. § 216(b)." *Id.*

Based upon the same set of facts underlying the Named Plaintiffs' FLSA claims, under the heading "*SECOND CLAIM FOR RELIEF*," the Complaint alleged the Original Defendants violated various provisions of the North Carolina

Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 95-25.1 *et seq.* Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, this part of the case was styled as a purported class action in which the Named Plaintiffs sought to represent a class of "all persons . . . who were, are, or will be employed by United Mortgage in the position of Junior Asset Manager on or after the date that is two years before the filing of this complaint (the 'NCWHA Class Period')."[1] (J.A. 21). The Complaint specifically alleged the Original Defendants willfully violated the NCWHA by: (1) failing to pay the Named Plaintiffs and other members of the NCWHA Class their earned wages for all hours worked; (2) by failing to pay the same persons overtime pay; (3) by failing to make, keep, and preserve accurate time records sufficient to determine their wages and hours; (4) by failing to provide them lawful notice of company policies and practices concerning compensation or notice of any changes in such policies and practices; and (5) by other practices. With respect to relief, the Named Plaintiffs sought to recover, on behalf of themselves and the other members of the NCWHA Class, "damages in the amount of their unpaid earned compensation, plus liquidated damages, as provided by the NCWHA, N.C. GEN. STAT. § 95-25.22." (J.A. 28). Recovery of attorneys' fees and costs, as provided by the NCWHA, were also sought.

The Original Defendants timely removed the case to the United States District Court for the Western District of North Carolina. After removal, on November 26, 2007, the Original Defendants moved to dismiss the NCWHA claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the Complaint alleged that all overtime claims are covered by the FLSA, but failed to allege that any plaintiff worked unpaid overtime during the brief window of time when "the applicable minimum wage under the Fair Labor

---

[1]For ease of reference, we will refer to the class of persons just described as "the NCWHA Class."

Standards Act [was] less than the minimum wage provided . . ." under North Carolina law. N.C. Gen. Stat. § 95-25.14(a)(1)(b). According to the Original Defendants, under North Carolina General Statute § 95-25.14(a)(1) and all cases involving claims for unpaid overtime interpreting that statute, they are exempted from liability for unpaid overtime under the NCWHA, because the Named Plaintiffs and the other members of the NCWHA Class are covered by the FLSA. The Original Defendants' Rule 12(b)(6) motion also sought dismissal of the Complaint to the extent it sought recovery for violations of the record keeping and notice requirements of the FLSA and the NCWHA, on the ground that neither statute provided a private cause of action for such violations.

On December 19, 2007, the parties held a conference pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(f) (requiring, *inter alia*, that at least 21 days before a scheduling conference is to be held or a scheduling order is due under Federal Rule of Civil Procedure 16(b), the parties must confer to consider "the possibilities for promptly settling or resolving the case . . ."). An exchange of e-mails between opposing counsel then took place over the next couple of weeks. The e-mails show that the Original Defendants requested a settlement demand from the Named Plaintiffs; the Named Plaintiffs agreed to work on preparing such a demand; and the Named Plaintiffs requested the Original Defendants to produce documentation reflecting the hours worked and wage information for each of the Named Plaintiffs in order to aid in preparation of such demand. On January 18, 2008, the Original Defendants produced time sheets for the period of April 4, 2004, through May 19, 2006, with respect to Named Plaintiffs Ma'lissa Simmons, Monterrus Marshall, and Yolanda Carraway. However, the Original Defendants produced no such time sheets for Named Plaintiff Delana Pruitt nor wage information for any of the Named Plaintiffs.

Between January 28, 2008, and March 20, 2008, the Named Plaintiffs filed notices that a total of six persons had

consented to be opt-in plaintiffs in their collective action under the FLSA.[2] On March 26, 2008, the Named Plaintiffs filed an amended complaint (the Amended Complaint). The Amended Complaint named seven additional defendants,[3] asserting each was an employer within the meaning and definition of the FLSA and the NCWHA, and deleted claims for injunctive and other remedial relief. Otherwise, the Amended Complaint was substantially identical in substance to the Complaint.

In response, on April 15, 2008, the Original Defendants and the newly named defendants (collectively the Defendants) moved to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), upon substantially the same grounds as the first motion to dismiss. The Named Plaintiffs then filed notices that three more persons had consented to be opt-in plaintiffs in their collective action under the FLSA, bringing the total of opt-in plaintiffs to nine by May 6, 2008.[4] For ease of reference, we will refer to all nine as "the Opt-in Plaintiffs."

Of significant relevance to the issues on appeal, counsel for the Defendants sent (via electronic mail, United States mail, and facsimile) a letter dated May 16, 2008, to counsel for the

---

[2]Such persons were Vance Williams, Marlena Brooks, Lisa Samuels, Donald Barnes, Anthony Papas, and William Kelly. The Named Plaintiffs also filed an opt-in consent form with respect to each of these persons. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to [a collective action under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[3]The seven new defendants were Austin Investments, LP, Kechijian Investments, LP, UMLIC Consolidated, Inc., UMLIC Holdings, LLC, UMLIC-Seven Corp., United Mortgage Holdings, LLC, and United Mortgage Loan and Investment, LLC.

[4]Such persons were Kathy Raymer, Andre Moser, and John Mays, Jr. The Named Plaintiffs also filed an opt-in consent form with respect to each of these persons.

Named Plaintiffs. In the first sentence, counsel for the Defendants stated that he was "writ[ing] for the purpose of resolving this case for all parties." (J.A. 158). In the second sentence, he reported that his clients had authorized him, "without admitting legal liability or fault, to offer each opt-in plaintiff full relief in this case." *Id.* No specific mention was made regarding the Named Plaintiffs or an offer of judgment. The balance of the letter stated as follows:

> Each opt-in plaintiff will be compensated fully upon receipt of an affidavit stating the dates on which overtime was worked, the total hours they worked each week of their employment up to the date of their termination, the total amount of back pay they claim is owed to them, and a statement explaining how the calculation of overtime amounts claimed was done. My clients will also pay taxable costs and reasonable attorney's fees supported by time records properly describing the work done and the hours reasonably worked which can be either agreed upon by the parties or submitted to the Court for resolution.

> This offer requires that the parties enter a settlement agreement specifying that all claims will be waived and released, this action will be dismissed with prejudice, the settlement will be kept confidential and there will be no admission of liability or disclosure of the settlement terms. I will provide you with the information my client has that is necessary to prepare the affidavits.

> This offer of full relief moots this case since there no longer remains any active case or controversy between the parties. This offer remains open for five days after receipt on May 23, 2008. Thereafter, if this offer is not accepted, I will file a motion to dismiss the case as moot.

*Id.*

On May 21, 2008, the Named Plaintiffs moved for conditional collective action certification of their FLSA claims, pursuant to 29 U.S.C. § 216(b). As part of such motion, the Named Plaintiffs sought court-facilitated notice to other potential collective action members and an order that the Defendants "disclose the names, addresses, email addresses, telephone numbers and Social Security numbers of all potential collective action members." (J.A. 98). From here forward, we will refer to the Named Plaintiffs and the Opt-in Plaintiffs collectively as "the Plaintiffs."

In a letter dated May 29, 2008, responding to a May 23, 2008 letter by counsel for the Plaintiffs, counsel for the Defendants stated that the offer of settlement in the May 16, 2008 letter included liquidated damages and pertained to the Named Plaintiffs as well as all of the Opt-in Plaintiffs. Also on May 29, 2008, pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants moved to dismiss the entire case for lack of subject matter jurisdiction. According to the Defendants, the district court no longer possessed subject matter jurisdiction, because they "ha[d] offered to satisfy Plaintiffs' claims in their entirety," leaving no "live case or controversy requiring litigation." (J.A. 123).

The next day, on May 30, 2008, the district court granted Defendants' motion to dismiss the NCWHA claims in the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Based upon the plain language of the NCWHA, the district court determined that the NCWHA does not apply to litigants who "also seek liability under the FLSA." (J.A. 135). The district court determined that North Carolina's minimum wage was not higher than the federal minimum wage during any time when three of the Named Plaintiffs or any of the Opt-in Plaintiffs were employed by United Mortgage.[5]

---

[5]The Plaintiffs do not dispute this determination on appeal.

Moreover, the district court determined that, while United Mortgage employed Named Plaintiff Delana Pruitt during January 2007, when North Carolina's minimum wage was higher than the federal minimum wage, the Amended Complaint did not allege that she actually worked any overtime during that month.

On June 2, 2008, the Plaintiffs moved to amend/correct their motion for conditional certification of the FLSA collective action and for court-facilitated notice to potential collective action members to report that, in accordance with Local Rule 7.1(A), counsel for the Plaintiffs had conferred with counsel for the Defendants regarding the motion, but that Defendants refused to consent to the motion.

On June 9, 2008, Plaintiffs moved for reconsideration of the district court's order dismissing their NCWHA claims and, in the alternative, sought leave to file a second amended complaint which sought to include William Kelly, Andre Moser, and Marlena Brooks as named plaintiffs and contained a more specific allegation regarding Named Plaintiff Delana Pruitt's employment. The district court subsequently denied this motion *in toto*.

On September 14, 2009, the district court granted Defendants' motion to dismiss the Plaintiffs' FLSA claims for lack of subject matter jurisdiction. In this regard, the district court determined that "Defendants['] offer of judgment to all Plaintiffs and would-be opt-in Plaintiffs was for full relief, including attorney's fees and taxable costs," (J.A. 225-26), and that "[c]oncern over the Defendants' ability to 'pick-off' Plaintiffs has been allayed by the blanket nature of the offer of judgment. Both the actual Plaintiffs and would-be Plaintiffs have been offered relief in whole." (J.A. 226). The district court also denied the Plaintiffs' motion for conditional certification of the FLSA collective action and for court-facilitated notice to potential collective action members on the ground that the Plaintiffs' FLSA claims were moot prior to the Plaintiffs fil-

ing such motion, and therefore, it no longer possessed subject matter jurisdiction to certify the collective action. Apparently relying upon the same reasoning, the district court also refused to allow the motion to be amended.

This timely appeal followed. On appeal, the Plaintiffs challenge the Rule 12(b)(1) dismissal of their FLSA claims and the Rule 12(b)(6) dismissal of their NCWHA claims.

II

The primary question presented in this appeal is whether the district court erred in holding that the contents of the letter dated May 16, 2008, from the Defendants' counsel to the Plaintiffs' counsel, as clarified by a follow-up letter from the Defendants' counsel thirteen days later, rendered the Plaintiffs' FLSA claims moot, such that a live case or controversy no longer existed with respect to such claims, thus requiring their dismissal for lack of subject matter jurisdiction. We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Pitt County v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009). Moreover, "[w]e review a district court's jurisdictional findings of fact on any issues that are not intertwined with the facts central to the merits of the plaintiff's claims under the clearly erroneous standard of review . . . ." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009). *See also Matter of Block Shim Dev. Company-Irving*, 939 F.2d 289, 291 (5th Cir. 1991) (in appellate review of dismissal of case as moot, review of factual findings is under clearly erroneous standard in light of the entire record as a whole). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

At the heart of the question presented is the doctrine of mootness. "[T]he doctrine of mootness constitutes a part of

the constitutional limits of federal court jurisdiction . . . . [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks and citations omitted). *See also Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

"A case can become moot either due to a change in factual circumstances, or due to a change in the law." *BankWest, Inc., v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (alteration marks, internal quotation marks, and ellipses omitted). *See also Ross v. Reed*, 719 F.2d 689, 693-694 (4th Cir. 1983) ("If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented."). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). Here, the district court held that the Plaintiffs' FLSA claims became moot due to a change in factual circumstances. According to the district court, such change occurred when, "[o]n May 16, 2008, Defendants sent the Plaintiffs an *offer of judgment* providing for full relief for all parties, including attorney's fees and taxable costs—the offer was also open to the would-be opt-in Plaintiffs." (J.A. 224) (emphasis added). Ultimately, the district court held "the Defendants['] May 16, 2008 *offer of judgment* mooted the action, depriving this Court of subject matter jurisdiction;

therefore, this case is dismissed." (J.A. 225) (emphasis added).

The Plaintiffs make several arguments challenging this holding. Chief among them is that the contents of the May 16, 2008 letter did not comply with Federal Rule of Civil Procedure 68, which rule provided, at all times relevant to this action, that:

> More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. *The clerk must then enter judgment.*

Fed. R. Civ. P. 68 (2008) (emphasis added).[6] The balance of Rule 68 provides that, in the event the plaintiff refuses the offer of judgment and then ultimately recovers less at trial than the offer amount, the plaintiff must pay the litigation costs incurred by the defendant from the time of the offer of judgment. *Id.* "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). In furtherance of this purpose, an offer of judgment made pursuant to Rule 68 must specify a definite sum or other relief for which judgment may be entered and must be unconditional. 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3002, p. 92 (2d ed. 1997). This is because the plaintiff must know unequivo-

---

[6]Federal Rule of Civil Procedure 68(a), as amended effective December 1, 2009, provides that at least fourteen days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms with the costs then accrued. Neither version of Rule 68 requires an admission of liability by the defendant. 1A Fed. Proc. § 51:29 (L. Ed., current through Sept. 2010).

cally what is being offered in order to be responsible for refusing such offer. *Arkla Energy Res. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993).

Even when considering the clarifications made by the May 29, 2008 letter to the effect that the Defendants' May 16, 2008 offer included liquidated damages under the FLSA and pertained to the Named Plaintiffs as well as the Opt-in Plaintiffs, we agree with the Plaintiffs that the May 16, 2008 letter did not constitute a Rule 68 offer of judgment. First, the May 16, 2008 letter provided for a five day window to accept the Defendants' offer rather than a ten day window as provided by the applicable version of Rule 68. Second, rather than making an unconditional offer of judgment on specified terms, the letter conditioned the offer upon the Plaintiffs submitting affidavits stating "the dates on which overtime was worked, the total hours they worked each week of their employment up to the date of their termination, the total amount of back pay they claim is owed to to them, and a statement explaining how the calculation of overtime amounts claimed was done." (J.A. 201). Third, rather than offer to have judgment entered against them as the district court found, the plain language of the letter offered only that the Defendants would "enter a settlement agreement specifying that all claims will be waived and released . . . ." *Id.* The district court's finding that the May 16, 2008 letter offered for judgment to be entered against the Defendants was clearly erroneous. Fourth, in contrast to the public nature of an unsealed judgment entered pursuant to Rule 68, the May 16, 2008 letter required the Plaintiffs to keep the fact of settlement and the terms of the settlement confidential. *See McCauley v. Trans Union*, 402 F.3d 340, 342 (2d Cir. 2005) (plaintiff is not obligated to accept a Rule 68 offer of judgment conditioned on settlement being kept confidential and judgment under seal; party engaged in litigation is not entitled to confidentiality); 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3002 (2d ed. Supp. 2010) (offer of judgment requiring confidential settlement rather

than court judgment seeks something not authorized by Rule 68).

While we agree with the Plaintiffs that the May 16, 2008 letter, as clarified by the May 29, 2008 letter, did not constitute a Rule 68 offer of judgment, such agreement does not mean an automatic win for the Plaintiffs. This is because the doctrine of mootness is constitutional in nature, and therefore, not constrained by the formalities of Rule 68. Nonetheless, for several reasons, we hold the Defendants' settlement offer, as set forth in the May 16, 2008 letter and as clarified by the May 29, 2008 letter, did not render moot the Plaintiffs' FLSA claims for overtime wages. The first reason is that the offer for "full relief in this case" did not offer for judgment to be entered against the Defendants, but rather only offered for the parties to enter into a settlement agreement. Had the Plaintiffs been allowed to litigate fully their FLSA claims and had they fully prevailed on such claims, the district court would have entered a judgment against the Defendants for full relief with respect to those claims. From the view of the Plaintiffs, a judgment in their favor is far preferable to a contractual promise by the Defendants in a settlement agreement to pay the same amount. This is because district courts have inherent power to compel defendants to satisfy judgments entered against them, *Spallone v. U.S.*, 493 U.S. 265, 276 (1990); *Grissom v. The Mills Corp.*, 549 F.3d 313, 319 (4th Cir. 2008), but lack the power to enforce the terms of a settlement agreement absent jurisdiction over a breach of contract action for failure to comply with the settlement agreement. As ably explained in the well respected treatise *Federal Practice and Procedure*:

> Settlements often do not involve the entry of a judgment against the defendant, as compared to a judgment of dismissal, so that from the plaintiff's perspective the willingness of the defendant to allow judgment to be entered has substantial importance since judgments are enforceable under the power of

> the court. Indeed, should a settlement not embodied in a judgment come unraveled, the court may be without jurisdiction to proceed in the case, which often becomes a breach of contract action for failure to comply with the settlement agreement. Even if the court retains jurisdiction, plaintiff is left to litigate a breach of contract action or, perhaps, to continue litigating the claims sought to be settled.

12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3002, p. 90 (2d ed. 1997) (footnote omitted).

Given the fact that, from a plaintiff's perspective, a judgment entered by a court in his favor carries a substantial advantage over the same amount of recovery via a defendant's contractual promise to pay the same amount embodied in a settlement agreement, we are not surprised that the case to which the Defendants point us as the circuit precedent mandating that the district court dismiss the Plaintiffs' FLSA claims as moot involved an offer of judgment. The case is *Zimmerman v. Bell*, 800 F.2d 386 (4th Cir. 1986). Of relevance here, in *Zimmerman*, a plaintiff, alleging securities fraud, filed a class action against the directors of the defendant corporation on behalf of herself and other shareholders of that corporation. *Id.* at 387-88. The district court denied the plaintiff's motion for class certification. *Id.* at 388. The directors then offered judgment to the plaintiff "in the amount of $3,281.25 plus costs, the maximum amount of damages claimed by [the plaintiff] individually in her answers to interrogatories." *Id.* The plaintiff rejected the offer. *Id.* The directors then moved to dismiss the plaintiff's individual claims for lack of a live case or controversy. *Id.* The district court granted the motion, and the plaintiff appealed. *Id.* On appeal, we affirmed the district court's dismissal. *Id.* After recognizing the plaintiff sought "relief from the dismissal of her individual claims after defendants *offered judgment*," we held:

> Since class certification had been denied, and defendants had offered [the plaintiff] the full amount of damages ($3,281.25) to which she claimed individually to be entitled, there was no longer any case or controversy. *See Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983). [The plaintiff's] personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum.

*Id.* at 390 (emphasis added). Notably, the *Abrams* case cited in support of our disposition also involved an offer of judgment. *Abrams*, 719 F.2d at 25. In sum, the failure of the Defendants to make their attempted offer for full relief in the form of an offer of judgment prevented the mooting of the Plaintiffs' FLSA claims.

The second reason the May 16, 2008 letter did not render the Plaintiffs' FLSA claims moot is the conditional nature of the offer. As previously noted, rather than making an unconditional offer of judgment on specified terms, the letter conditioned the offer upon the Plaintiffs submitting affidavits stating "the dates on which overtime was worked, the total hours they worked each week of their employment up to the date of their termination, the total amount of back pay they claim is owed to them, and a statement explaining how the calculation of overtime amounts claimed was done." (J.A. 201). Moreover, the offer stated that the Defendants would provide the Plaintiffs the information the Defendants possessed "that is necessary to prepare the affidavits." *Id.* These conditions to be fulfilled by the Plaintiffs as well as the Defendants' offer to provide unspecified information raised many unanswered questions, which made the offer ambiguous, and thus ineffective at mooting the Plaintiffs' FLSA claims. What if the hours and dates of overtime claimed by the Plaintiffs did not match with whatever records were to be provided by the Defendants?[7] And, what if the Defendants did

---

[7]Remember, at this point, the only employment records the Defendants had turned over to the Plaintiffs were time sheets for the period of April 4, 2004, through May 19, 2006, for Named Plaintiffs Ma'lissa Simmons, Monterrus Marshall, and Yolanda Carraway.

not believe that the Plaintiffs had sufficiently explained how the calculation of overtime amounts claimed was done? The May 16, 2008 letter, even as clarified by the May 29, 2008 letter, left these questions unanswered. In defense of the vagaries inherent in their offer of settlement, the Defendants complain that they had no choice but to present their offer in this manner because the Plaintiffs had failed to make a settlement demand as the Defendants had requested early in the case. Unfortunately for the Defendants, such complaint matters not to a mootness inquiry. Indeed, the fact that, at the time of the May 16, 2008 letter, the parties had yet to agree upon the scope of the Plaintiffs' alleged damages under the FLSA, supports the conclusion that the Plaintiffs' FLSA claims were not moot. In other words, the parties still had work to do in order to figure out what amounts the Plaintiffs were allegedly owed under the FLSA. In sum, although the May 16, 2008 letter, as clarified by the May 29, 2008 letter, claimed to be offering the Plaintiffs "full relief in this case," the conditional nature of the offer rendered the offer vague, and therefore, ineffective in mooting the Plaintiffs' FLSA claims.[8] *Cf. Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451, 454-55 (5th Cir. 2003) (describing as vague offer of judgment in suit under Fair Debt Collection

---

[8]We note that the absence of an amount certain with respect to the Plaintiffs' attorneys' fees in the May 16, 2008 letter does not, in any manner, contribute to our holding that such letter offered the Plaintiffs less than full relief. This is because, when as here, the defendants have offered to pay the plaintiffs their reasonable attorney's fees as determined by the district court, the plaintiffs have been offered full relief in regard to attorneys' fees under the FLSA. 29 U.S.C. § 216(b) (providing that, in an action for violation of the FLSA's overtime provision, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . ."); *see O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (affirming Rule 12(b)(1) dismissal of FLSA claims as moot based upon offer of judgment, because "Defendants' offer to pay the reasonable attorneys' fee as determined by the court is consonant with the statutory language which requires that the court 'allow' the reasonable fee when it awards a judgment to a FLSA plaintiff").

Practices Act, which offer of judgment agreed to pay statutory damages but left amount of additional actual damages to later agreement by attorneys as to reasonable compensation for plaintiff's claimed actual damages, and holding such offer of judgment was invalid under Rule 68 for failure to properly quantify damages); *Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (adhering to "principle that mere settlement negotiations may not be given the effect of a formal offer of judgment"); *Arkla Energy Resources*, 9 F.3d at 867 (10th Cir. 1993) (defendant cannot invoke Rule 68 with ambiguous offer of judgment).

The third and final reason the May 16, 2008 letter, as clarified by the May 29, 2008 letter, did not render the Plaintiffs' FLSA claims moot is the requirement of confidentiality. If the Plaintiffs fully litigated and prevailed on their FLSA claims in the district court, they would be entitled to an unsealed judgment in their favor, without obligation on their part to keep the fact of such judgment confidential. Therefore, the Defendants' offer of settlement's requirement that the Plaintiffs agree to keep the entire settlement confidential placed a condition on the balance of the offer. This circumstance prevented the mooting of the Plaintiffs' FLSA claims. *Cf. McCauley*, 402 F.3d at 342 (plaintiff not obligated to accept a Rule 68 offer of judgment conditioned on settlement being kept confidential and judgment under seal; party engaged in litigation is not entitled to confidentiality).

In sum, the fact that the Defendants' offer to settle the Plaintiffs' FLSA claims (as contained in the letter dated May 16, 2008, and as clarified by the follow-up letter thirteen days later) did not offer for judgment to be entered against the Defendants, was ambiguous as to the amounts of actual and liquidated damages to be recovered, and was conditioned upon an agreement by the Plaintiffs to keep the settlement confidential, prevented the mooting of the Plaintiffs' FLSA claims. Accordingly, we hold the district court erred by dismissing the Plaintiffs' FLSA claims for lack of subject matter

jurisdiction, vacate the district court's order dismissing such claims and corresponding judgment, and remand such portion of this action for further proceedings consistent with this opinion.[9] We also vacate the district court's order denying the Plaintiffs' motion for conditional collective action certification of their FLSA claims and their amended version of such motion, because the district court denied these motions upon its erroneous belief that the Plaintiffs' FLSA claims had already been rendered moot. On remand, we direct the district court to reconsider these motions in light of our holding that the May 16, 2008 letter, as clarified by the May 29, 2008 letter, did not render the Plaintiffs' FLSA claims moot.

## III

The Plaintiffs next challenge the district court's Rule 12(b)(6) dismissal of their NCWHA claims, as alleged in the Amended Complaint, on the basis that the Amended Complaint does not allege that any plaintiff worked overtime after December 2006, when the minimum wage in North Carolina was more than the federal minimum wage.[10] An order granting dismissal under Rule 12(b)(6) is reviewed *de novo* taking "the factual allegations in the complaint as true." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003). On a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original)

---

[9]In light of our holding that the Defendants' offer to settle the Plaintiffs' FLSA claims did not moot the Plaintiffs' FLSA claims, we need not and do not consider the Plaintiffs' alternative argument in challenge to the district court's Rule 12(b)(1) dismissal of their FLSA claims that, when the claims of the named plaintiffs in a proposed collective action are mooted before the named plaintiffs have had a reasonable opportunity to move for collective action certification, an offer of full relief to the named plaintiffs does not moot the action.

[10]The distinction affects when claims under the NCWHA are effectively preempted by the FLSA, pursuant to provisions of the NCWHA.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In *Twombly*, The Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not allege sufficient facts showing a claim was plausible rather than merely conceivable." *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009). Thus, "[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

The Plaintiffs argue the district court erred in granting Rule 12(b)(6) dismissal of their NCWHA claims, because the following allegations in the Amended Complaint create the clear inference that Named Plaintiff Delana Pruitt worked overtime hours in January 2007: (1) "Defendants employed plaintiff Delana Pruitt as a Junior Asset Manager from June 2006 to February 2007."; (2) "During this time Defendants routinely required plaintiff Pruitt to work in excess of 40 hours per week."; (3) "Defendants failed to compensate plaintiff Pruitt for the hours she worked in excess of 40 hours per week."; and (4) "Plaintiff Pruitt has sustained substantial losses from Defendants' failure to pay her earned wages and overtime." (J.A. 69). According to the Plaintiffs, to hold these allegations are insufficient to raise the reasonable inference that Named Plaintiff Delana Pruitt had worked overtime hours during the month of January 2007 is to return to the technical rules of code pleading that prevailed before the Federal Rules of Civil Procedure.

We hold the allegations regarding Named Plaintiff Delana Pruitt just quoted from the Amended Complaint are insufficient to raise a right to relief above the speculative level. The

broad allegation that the Defendants routinely required Named Plaintiff Delana Pruitt to work in excess of forty hours per week from June 2006 to February 2007, is insufficient to raise the inference above the speculative level that she always, and therefore, actually worked more than forty hours per week during any week in January 2007. Accordingly, we hold the district court did not err in dismissing the Plaintiffs' NCWHA claims pursuant to Rule 12(b)(6), and therefore, affirm the district court's dismissal of such claims.

## IV

Lastly, the Plaintiffs challenge the district court's denial of their motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2008). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). We review the district court's denial of a Rule 15(a)(2) motion to amend for abuse of discretion. *Id.* "Although leave to amend should be freely given when justice so requires, a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Id.* (internal quotation marks, alteration marks, and citation omitted). Here, the district court refused to grant the Plaintiffs leave to file their proposed second amended complaint without giving any justifying reason. Accordingly, we vacate the district court's order denying the Plaintiffs leave to file their proposed second amended complaint. On remand, the district court is free to revisit its ruling in this regard, and, if the district court again denies leave to amend, we instruct the district court to put its rationale for such denial on the record.

V

In conclusion, we: (1) vacate the district court's order dismissing the Plaintiffs' FLSA claims and corresponding judgment, and remand that portion of the case for further proceedings consistent with this opinion; (2) vacate the district court's order denying the Plaintiffs' motion for conditional collective action certification of their FLSA claims and their amended version of such motion, and remand this portion of the case for further proceedings consistent with this opinion; (3) affirm the district court's dismissal of the Plaintiffs' NCWHA claims; and (4) vacate the district court's order denying the Plaintiffs leave to file their proposed second amended complaint, and remand for further proceedings consistent with this opinion.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*