**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1002**

———————

JOHN HILLIARD MASTERSON,

               Plaintiff – Appellant,

     and

GINA CROCENZI MASTERSON,

               Plaintiff,

     v.

CHRISTOPHER IHARA, Virginia State Police,

               Defendant – Appellee,

     and

BUTLER L. GRANT; CHARLIE RAY FOX, JR., Fauquier County
Sheriff; CHRISTOPHER BURKES, Virginia State Police,

               Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:10-cv-00445-LMB-JFA)

———————

Submitted: August 8, 2011       Decided: August 15, 2011

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard E. Gardiner, Fairfax, Virginia, for Appellant.  Kenneth
T. Cuccinelli, II, Attorney General, Wesley G. Russell, Jr.,
Deputy Attorney General, Peter R. Messitt, Senior Assistant
Attorney General, Paul Kugelman, Jr., Assistant Attorney General
III, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Hilliard Masterson appeals the district court's dismissal of his malicious prosecution claim against Virginia State Trooper Christopher Ihara for failure to state a claim. On appeal, Masterson asserts that his complaint did state a claim with respect to each element of malicious prosecution. He argues that the district court failed to accept the facts alleged in the complaint as true and did not view the facts in the light most favorable to him. We affirm.

We review de novo the district court's rulings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011). A motion to dismiss under Rule 12(b)(6) should not be granted unless it appears that the plaintiff does not allege enough facts to state a claim "that is 'plausible on its face'" and that raises "'a right to relief above the speculative level.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)) (emphasis omitted). This court draws all reasonable inferences in favor of the plaintiff, but we "need not accept the legal conclusions drawn from the facts, and we need not accept as true unwarranted inferences, unreasonable conclusions or arguments." Nemet Cheverolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks omitted).

3

In an action for malicious prosecution under Virginia law, "the plaintiff has the burden of proving four essential elements: that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." Reilly v. Shepherd, 643 S.E.2d 216, 218 (Va. 2007). "Actions for malicious prosecution arising from criminal proceedings are not favored in Virginia," and the requirements are stricter for these actions than for other torts in order "to encourage criminal prosecutions in appropriate cases without fear of reprisal by civil actions." Id.

Masterson contends the district court erred in concluding his conviction for reckless driving signifies the prosecution terminated unfavorably. He argues the relevant consideration is the disposition of the specific charge, not of the entire criminal case.

The elements of the reckless driving offense of which Masterson was convicted are: "operat[ing] a motor vehicle at a speed or in a manner so as to endanger the life, limb, or property of any person . . . [o]n any driveway or premises of a . . . recreational facility . . . ." Va. Code Ann. § 46.2-864 (2010). Under Virginia law, assault requires:

> an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into

4

execution; it is any act accompanied by circumstances denoting an intention, coupled with a present ability, to use actual violence against another person.

Zimmerman v. Commonwealth, 585 S.E.2d 538, 539 (Va. 2003).

In this case, Masterson's driving was the means by which he allegedly committed the assault in question. Accordingly, we conclude the outcome of Masterson's prosecution was unfavorable as to the assault charges for the purposes of a malicious prosecution claim. Masterson's reliance on Cuthrell v. Zayre of Virginia, Inc., 201 S.E.2d 779 (Va. 1974), is unavailing. In Cuthrell, the Virginia Supreme Court held that Cuthrell's conviction for disorderly conduct did not establish an earlier arrest for larceny was without malice and upon probable cause. Here, however, Masterson's conviction for operating a motor vehicle in a dangerous manner supplies probable cause as to the assault charges, notwithstanding the fact that Masterson was acquitted under the more stringent proof-beyond-a-reasonable-doubt standard.

Because we conclude that Masterson has failed to state a claim that is plausible on its face as to the requirement that the prosecution terminate in a manner not unfavorable to Masterson, we need not reach the remaining elements. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED