**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1045

RONALD REALE; DEBRA REALE; MINOR CHILD T.R.B., through next friends Ronald and Debra Reale; MINOR CHILD S.R.R., through next friends Ronald and Debra Reale; MINOR CHILD M.R.R., through next friends Ronald and Debra Reale; MINOR CHILD H.M.R., through next friends Ronald and Debra Reale; MINOR CHILD S.M.R., through next friends Ronald and Debra Reale; MINOR CHILD J.R.R., through next friends Ronald and Debra Reale; MINOR CHILD B.R.R., through next friends Ronald and Debra Reale,

Plaintiffs - Appellants,

v.

WAKE COUNTY HUMAN SERVICES; RAMON ROJANO; WARREN LUDWIG; LISA CAULEY; VIRGINIA KING; JOHN GUSTAVSON; NIKKI LYONS; RICHARD HAYNER; NANCY BRAKE; JULIE RIGGINS; SAUNDRA JUDD; JILL GREEN; GINGER GIALANELLA; JAMIE SESSOMS; LAURIE SCHOLL; JUDGE ERIC CHASE; JUDGE LORI CHRISTIAN; JUDGE MONICA BOUSMAN; JUDGE JANE GRAY; STEVE COMBS; RICK CROUTHARMEL; ALBERT SINGER; WAKE COUNTY GUARDIAN AD LITEM PROGRAM; BACCUHUS CARVER; SUSAN VICK; MELLONEE KENNEDY; LAS VEGAS METRO POLICE DEPARTMENT; CHILD HAVEN; WRENN HOUSE; WAKE HOUSE; KELLI-ANN REALE; TIMOTHY GRIEGO; NATASHA WILDE-BRANT; ROBIN DOMINGUEZ; RHONDA ANDERBERG; GERARD ANDERBERG; CHRISTOPHER ANDERBERG; MAIN STREET CLINICAL ASSOCIATES; DR. KARIN YOCH; CAROLINA PSYCHOLOGICAL HEALTH SERVICES; JOYCE WILLIAMS; COMMISSIONER JOHN VINEYARD; COUNTY OF RIVERSIDE DEPARTMENT OF SOCIAL SERVICES; BRUCE RUDBERG; COURTNEY BARZANDEH,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-cv-00682-D)

———————

Submitted:  April 20, 2012                    Decided:  May 4, 2012

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Ronald Reale and Debra Reale, Appellants Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald and Debra Reale, acting on behalf of themselves and their minor children, appeal the district court's dismissal of their pro se civil complaint under 42 U.S.C. § 1983 (2006). We vacate and remand to the district court.

The district court premised its dismissal on lack of jurisdiction. It concluded that no federal question was at issue, diversity of citizenship was not present, and "the domestic-relations exception to federal jurisdiction applies." We review legal determinations, including the breadth of a district court's jurisdiction, de novo. Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 762 (4th Cir. 2011).

While the district court correctly found that diversity jurisdiction was lacking, we cannot agree that no federal question was presented. The Reales' complaint specifically invoked § 1983 as a basis for jurisdiction, claiming that state actors had deprived them of their children without due process.[1] While we have no basis to assess the

---

[1] It appears that some of the Defendants named in the complaint may not be state actors. Thus, the district court will have to determine whether the Reales' complaint fails to state a viable claim under § 1983 against some or all of the Defendants. That uncertainty, however, does not bear upon the jurisdiction of the district court.

viability of the complaint, its constitutional character is undeniable.

Nor does the domestic relations exception undermine federal question jurisdiction where it otherwise exists. As construed by the Supreme Court, "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992). Federal courts "lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees." Id. The exception is statutory, not constitutional, in nature, and derives from construction of the diversity jurisdiction statute. Id. at 700-01. Thus, the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction." United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997); see also Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008).

Because the Reales' complaint is based on federal question jurisdiction, not diversity of citizenship, the domestic relations exception does not limit the district court's

4

jurisdiction over it.  We therefore vacate the district court's dismissal of the complaint for lack of jurisdiction.

The district court also found that the Reales could not bring a pro se lawsuit on behalf of their minor children. On appeal, the Reales concede they cannot press their children's claims pro se.  See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005).  However, they request remand so that they can retain counsel on behalf of their children or seek appointment of counsel by the district court.  We grant their request for remand of their children's claims.  However, if they fail to retain counsel and the district court does not appoint counsel, their children's claims should be dismissed without prejudice.[2]

Accordingly, we vacate the district court's order of dismissal and remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] By our order of remand, we make no comment on the propriety of appointment of counsel in this case.

5