**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6673**

UNITED STATES OF AMERICA,

                 Petitioner - Appellee,

      v.

ALBERT F. IAQUINTA,

                 Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:98-hc-00764-BR)

Submitted: October 31, 2017                            Decided: November 13, 2017

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Robert J. Dodson, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert F. Iaquinta, who is currently committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(a) (2012), filed a pro se motion in the district court arguing that the order of commitment was void, seeking release, requesting the court stay the proceedings, and seeking a hearing to determine whether he was eligible for conditional release. The district court denied relief on Iaquinta's motion and he timely appealed. Thereafter, counsel for Iaquinta filed a motion for a hearing to determine whether Iaquinta was eligible for conditional release pursuant to 18 U.S.C. § 4247(h) (2012), and the district court granted the motion. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the appeal is moot as the district court has granted Iaquinta a hearing to determine whether he should be conditionally released. Iaquinta has filed a pro se supplemental brief raising additional issues.[*] For the reasons that follow, we dismiss the appeal in part and affirm in part.

Counsel questions whether the appeal has been mooted by the district court's grant of counsel's § 4247(h) motion for a hearing to again determine whether Iaquinta is eligible for conditional release from confinement. "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (internal quotation marks omitted). When a case is moot, a court is deprived of jurisdiction over the case.

---

[*] We have considered the issues raised in Iaquinta's pro se supplemental brief and conclude that they lack merit.

2

*Id.* "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (internal quotation marks omitted).

A case can be rendered moot by a change in factual circumstances or a change in the law. *Id.* "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id.* (internal quotation marks omitted). Here, to the extent Iaquinta sought in his motion a hearing for conditional release pursuant to § 4247(h), he has received that relief as the court granted counsel's motion for such a hearing after Iaquinta filed his notice of appeal. We therefore lack jurisdiction to review the district court's denial of Iaquinta's pro se motion for such a hearing.

However, Iaquinta also challenged the original commitment order as void, asserting that it violated his due process rights. This challenge has not been mooted by the court's order granting a hearing under § 4247(h) for conditional release. We have, however, thoroughly reviewed the record and the relevant legal authorities and conclude that the court did not err in determining that Iaquinta failed to demonstrate that his rights to due process were violated when he was committed to the custody of the Attorney General.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we dismiss the

appeal in part and affirm in part. This court requires that counsel inform Iaquinta, in writing, of the right to petition the Supreme Court of the United States for further review. If Iaquinta requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Iaquinta. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*