**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6174

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TITO LEMONT KNOX,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:06-cr-00269-HMH-1)

Submitted:  January 26, 2023                    Decided:  February 23, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Miller W. Shealy, Jr., MILLER SHEALY LAW FIRM, Charleston, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In June 2007, Tito Lemont Knox was found not guilty by reason of insanity of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) & 18 U.S.C. § 924(a)(2), (e). Knox was released from a federal treatment facility pursuant to the district court's April 19, 2016, conditional release order, which imposed 11 conditions on Knox's release. On December 2, 2021, Knox's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision (hereinafter "Petition"), alleging two violations of the conditional release order. In response to information provided by the parties relevant to this Petition, the district court entered an opinion and order amending two of the conditions. Knox thereafter filed a pro se notice of appeal.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting error by the district court in amending the April 2016 conditional release order without first obtaining an updated psychiatric evaluation and allowing Knox the opportunity to respond to and contest those findings. Counsel's brief acknowledges, though, that this appeal may be moot because the district court was slated to hold a hearing at which this issue may be addressed and resolved. True to this projection, review of the district court's docket confirms that, two days after the *Anders* brief was filed, the magistrate judge ordered Knox to undergo another psychiatric evaluation, which has since been completed.

As explained below, we agree with counsel's suggestion of mootness as to the raised issue and thus dismiss this appeal in part. And consistent with our obligation under *Anders*,

2

we have reviewed the entirety of the record for any nonfrivolous issues and found none. Accordingly, we also affirm in part.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (internal quotation marks omitted). "Mootness has been described as the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (internal quotation marks omitted). A case can be rendered moot by "a change in factual circumstances" or a legal development. *Id*. "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted).

First, we agree that this appeal should be dismissed as moot as to the issue identified in the *Anders* brief. The sole assignment of error relates to the district court's order amending the April 2016 conditional release order without further evaluating Knox's psychiatric issues, treatment needs, or the risk of harm to himself or others. However, while this appeal was pending, the magistrate judge granted the Government's motion for a full psychiatric evaluation—the very relief advocated for in counsel's brief. Accordingly, we hold that this issue is rendered moot by the district court's subsequent actions in ordering the preparation of another psychiatric evaluation, which has since been completed and is pending review by the district court. *See Simmons*, 634 F.3d at 763 ("Generally

3

speaking, one such factual circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." (cleaned up)).  Accordingly, we dismiss the appeal in part.

Next, in accordance with *Anders*, we observe that our review of the record did not reveal any nonfrivolous issues.  Accordingly, we affirm in part as to the remainder of the appeal.  Finally, we deny Knox's motions to remove his attorney and to transfer this appeal to the United States Court of Appeals for the Eleventh Circuit.

This court requires that counsel inform Knox, in writing, of the right to petition the Supreme Court of the United States for further review.  If Knox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Knox.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART*;
*AFFIRMED IN PART*

4