**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1638

ISIDORO RODRIGUEZ,

Plaintiff - Appellant,

v.

JANE DOE, Member of the Virginia State Bar Disciplinary
Board ("Board"), sued as individual of an unauthorized
entity; JOHN DOE, Member of the Virginia State Bar
Disciplinary Board ("Board"), sued as individual of an
unauthorized entity; CYNTHIA D. KINSER, sued as individual;
DONALD W. LEMONS, sued as individual; S. BERNARD GOODWYN,
sued as individual; LEROY F. MILLETTE, JR., sued as
individual; WILLIAM C. MIMS, sued as individual; ELIZABETH
A. MCCLANAHAN, sued as individual; CLEO E. POWELL, sued as
individual; CHARLES S. RUSSELL, sued as individual;
ELIZABETH B. LACY, sued as individual; LAWRENCE L. KOONTZ,
sued as individual; JANE DOE, Officer of the Virginia State
Bar, sued as individual; JOHN DOE, Officer of the Virginia
State Bar, sued as individual; KENNETH T. CUCCINELLI, II,
sued as individual; CATHERINE CROOKS HILL, sued as
individual; JANE DOE, Officer/Member of the Virginia
Employment Commission, sued as individual; JOHN DOE,
Officer/Member of the Virginia Employment Commission, sued
as individual; JOHN G. ROBERTS, Justice of the United States
Supreme Court; WILLIAM K. SUTER, Justice of the United
States Supreme Court; MEMBERS OF THE U.S. COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT, sued as individuals;
MEMBERS OF THE U.S. COURT OF APPEALS FOR THE SECOND CIRCUIT,
sued as individuals; MEMBERS OF THE U.S. COURT OF APPEALS
FOR THE THIRD CIRCUIT, sued as individuals; MEMBERS OF THE
U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT, sued as
individuals; MEMBERS OF THE U.S. COURT OF APPEALS FOR THE
FEDERAL CIRCUIT, sued as individuals; MEMBERS OF THE
DISTRICT OF COLUMBIA COURT OF APPEAL AND COMMITTEE ON
ADMISSIONS, sued as individuals; LEONIE M. BRINKEMA, sued in
her individual capacity; RICHARD W. ROBERTS, sued in
individual capacity; PAUL L. FRIEDMAN, sued in individual

capacity; JAMES E. BOASBERG, sued in individual capacity; JOHN O. COLVIN, sued in individual capacity; L. PAIGE MARVEL, sued in individual capacity; RICHARD T. MORRISON, sued in individual capacity; LAURENCE J. WHALEN, sued in his individual capacity; DOUGLAS SHULMAN, sued in his individual capacity; ERIC HOLDER, sued in individual capacity; RICHARD A. SCHWARTZ, sued in his individual capacity; OFFICE OF THE ASSISTANT U.S. ATTORNEY, EASTERN DISTRICT OF VIRGINIA, sued in individual capacity; OFFICE OF THE ASSISTANT U.S. ATTORNEY FOR D.C., sued in individual capacity; OFFICE OF THE ASSISTANT U.S. ATTORNEY FOR THE EASTERN DISTRICT OF PENNSYLVANIA, sued in individual capacity; OFFICE OF THE ASSISTANT U.S. ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK, sued in individual capacity; JAMES LEROY BANKS, sued as individual; WILLIAM ETHAN GLOVER, sued as individual; STEPHEN A. WANNALL, sued as individual; GLENN M. HODGE, sued as individual; WILLIAM CARLYLE BOYCE, JR., sued as individual; JACK HARBESTON, sued individually and as alter ego HFP, Inc., IOTA Partners, and Sea Search Armada LLC (DE); JANE/JOHN DOES, AND DOE ENTITIES; UNITED STATES OF AMERICA,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:12-cv-00663-JAG)

---

Submitted:  November 22, 2013          Decided:  December 11, 2013

---

Before Ed CARNES, Chief Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and William H. PRYOR, Jr., Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and Joel F. DUBINA, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Isidoro Rodriguez, Appellant Pro Se.  Farnaz Farkish, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for

Commonwealth Appellees.  Jonathan Holland Hambrick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for the United States.  James S. DelSordo, ARGUS LEGAL, LLC, Manassas, Virginia, for Appellee Jack Harbeston.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Isidoro Rodriguez, a disbarred attorney proceeding *pro se*, appeals the district court's dismissal of his claims alleging treason, Va. Code Ann. §§ 18.2-481(5), 18.2-482; Racketeering Influenced and Corruption Organization Acts ("RICO") violations, 18 U.S.C. § 1962(c) and Va. Code Ann. § 18.2-514; and a business conspiracy, Va. Code Ann. § 18.2-499; and seeking a writ *quo warranto* for misuse of office, Va. Code Ann. § 8.01-636.[1] On appeal, Rodriguez argues that the district court's dismissal of his complaint with prejudice—on the grounds that his claims were barred by *res judicata*, the Rooker-Feldman[2] doctrine, judicial immunity, and failure to state a claim—was erroneous. Rodriguez also challenges the district court's imposition of sanctions after he filed his notice of appeal from the district court's dismissal of his complaint.

I.

We review dismissals for lack of subject matter jurisdiction and failure to state a claim *de novo*. Cooksey v.

---

[1] Rodriguez has abandoned any claim regarding a writ *quo warranto* because he did not offer argument on the writ in his initial brief. See Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996).

[2] Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303(1983).

4

Futrell, 721 F.3d 226, 234 (4th Cir. 2013) (subject matter jurisdiction); Cavallo v. Star Enter., 100 F.3d 1150, 1153 (4th Cir. 1996) (failure to state a claim).

Applying the doctrine of *res judicata* is proper where: (1) a prior case resulted in a final judgment on the merits; (2) there is "an identity of the cause of action in both the earlier and the later suit"; and (3) there is "an identity of parties or their privies in the two suits." Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotation marks omitted). As to the second prong, we apply a transactional approach, under which the first case will have a preclusive effect if "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Id. (internal quotation marks omitted). Thus, a "newly articulated claim" will be barred by *res judicata* "if it is based on the same underlying transaction and could have been brought in the earlier action." Id.

We conclude from the record that the district court did not err in dismissing on the basis of *res judicata* Rodriguez's current claims against defendants that he had previously sued. In Rodriguez v. Editor in Chief, Legal Times, 285 F. App'x 756 (D.C. Circuit 2008), and Rodriguez v. Shulman, 844 F. Supp. 2d 1 (D.D.C. 2012), the Court of Appeals for the District of Columbia Circuit and the U.S. District Court for the District of Columbia

5

issued final judgments on the merits of Rodriguez's claims of RICO violations and federal and state constitutional violations for, among other reasons, claim and issue preclusion, judicial immunity, and failure to state a claim. These prior cases and Rodriguez's current case arose out of the same series of transactions—specifically, the alleged conspiracy to prevent Rodriguez from practicing law. Although Rodriguez raises several new claims in the instant case, these new claims are barred by *res judicata* because they are based on the same conspiracy that Rodriguez alleged in his previous actions, and he could have brought the claims in those actions. See Clodfelter, 720 F.3d at 210.

## II.

Under the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction to review state court judgments. Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006). Thus, a lower federal court may not review a case where the losing party from state court "complain[s] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[es] district court review and rejection of those judgments." Id. (internal quotation marks omitted). "In other words, the doctrine applies where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Id. at 464 (internal

6

quotation marks omitted) (explaining that "the test is not whether the relief sought in the federal suit 'would certainly upset' the enforcement of a state court decree, . . . but rather whether the relief would 'reverse or modify' the state court decree").

Because Rodriguez seeks in this lawsuit, among other relief, reinstatement to the bar and the payment of unemployment benefits, we conclude that the district court did not err in applying the Rooker-Feldman doctrine. That is, in seeking reinstatement as an attorney, Rodriguez challenges the Supreme Court of Virginia's affirmance of his disbarment. In seeking the payment of unemployment benefits, Rodriguez challenges the affirmance by the Court of Appeals of Virginia of the lower state court decision that he was disqualified from receiving unemployment benefits. The Rooker-Feldman doctrine bars lower federal courts from reviewing such state court decisions. See Adkins, 464 F.3d at 463-64.

## III.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288(1991). Judicial immunity can be overcome only where: (1) the judge engaged in nonjudicial actions—that is, "actions not taken in the judge's judicial capacity"; or (2) there was a complete lack of jurisdiction.

7

Id. at 11-12, 112 S.Ct. at 288. Allegations of bad faith or malice will not overcome judicial immunity. Id. at 11, 112 S.Ct. at 288. Where state supreme court justices hear an appeal from a lower court's disciplinary decision, they are performing a "traditional adjudicative task." Supreme Court of Va. v. Consumers Union, Inc., 446 U.S. 719, 734, 100 S.Ct. 1967, 1976 (1980), *superseded on other grounds by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847 (1996).

We conclude from the record that the district court correctly determined that the judicial defendants were entitled to judicial immunity. The prior judicial decisions that Rodriguez challenges in this case as part of a vast conspiracy to deprive him of his rights were issued by the judges acting in their judicial capacities. See Mireles, 502 U.S. at 11, 112 S.Ct. at 288; Consumers Union, Inc., 446 U.S. at 734, 100 S.Ct. at 1976. Moreover, any argument that the judges acted with a complete lack of jurisdiction is without merit. See Mireles, 502 U.S. at 11, 112 S.Ct. at 288.

IV.

In reviewing the dismissal of a complaint, we assume that all well-pleaded facts are true and draw all reasonable inferences in the plaintiff's favor. Cooksey, 721 F.3d at 234. "[C]ourts may consider relevant facts obtained from the public

8

record, so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013) (internal quotation marks omitted).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must establish facial plausibility by pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 554 (internal quotation marks omitted). To resist dismissal, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). The court need not accept as true legal conclusions or "unwarranted inferences, unreasonable conclusions, or arguments." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotation marks omitted). To survive a motion to dismiss, the complaint must include sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of the alleged activity." US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010) (internal quotation marks omitted).

Under Virginia state law, it is a crime to commit treason, which includes "[r]esisting the execution of the laws under

9

color of its authority." Va. Code Ann. § 18.2-481(5). Misprision of treason, which is also a crime, occurs when an individual conceals the commission of treason. Id. § 18.2-482. We have explained, in the context of a federal civil rights suit involving a federal criminal statute, that, "[t]he Supreme Court historically has been loath to infer a private right of action from a bare criminal statute, because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) (internal quotation marks and citation omitted).

The federal RICO statute prohibits a person from conducting an "enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Similarly, the Virginia RICO statute prohibits a person from participating in an "enterprise through racketeering activity." Va. Code Ann. § 18.2-514(c). As to the federal statute, a plaintiff must allege at least two racketeering acts and "a continuing pattern and a relationship among the defendant's activities showing they had the same or similar purposes." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 505 (4th Cir. 1998). A plaintiff may show continuity by showing that the racketeering acts were part of the enterprise's usual way of doing business. Id. As to the

10

pattern requirement, "[i]t is not the number of predicates but the relationship that they bear to each other or to some external organizing principle that renders them ordered or arranged." H. J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 238, 109 S.Ct. 2893, 2900 (1989). A plaintiff may establish the relationship requirement "by showing that the criminal acts have the same or similar purposes, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events." Id. at 240, 109 S.Ct. at 2893.

The Virginia business conspiracy statute prohibits two or more persons from agreeing and mutually undertaking to "willfully and maliciously injur[e] another in his reputation, trade, business or profession by any means whatever." Va. Code Ann. § 18.2-499(A).

We conclude from the record that the district court correctly found that Rodriguez failed to state claims upon which relief may be granted as to his claims of treason, RICO violations, and business conspiracy. First, because Rodriguez has presented no argument as to why the court should infer a private right of action from the treason and misprision of treason criminal statutes, the district court correctly determined that it was not plausible that the defendants would be liable for treason or misprision of treason in this action. See Clatterbuck, 708 F.3d at 554; Doe, 225 F.3d at 447-48.

11

Next, as to Rodriguez's RICO and business conspiracy claims, his complaint does not establish plausibility. Rather, his complaint indicates that the events in question began with two separate and unrelated complaints to the state bar, which ultimately led to Rodriguez's disbarment in Virginia and other courts, his loss of unemployment benefits, and several lawsuits. Rodriguez's assertion that the bar complaints arose from a conspiracy between his former client and the U.S. Attorney General is an "unreasonable conclusion[]," which we need not accept. See Simmons, 634 F.3d at 768. As to the events that followed the initial bar complaints, it is not plausible that the individuals and courts who worked on these cases comprised an enterprise or conspiracy that sought to victimize Rodriguez and injure his profession. See Va. Code Ann. § 18.2-499(A); Clatterbuck, 708 F.3d at 554. Nor has Rodriguez presented "factual content" to support a finding that such an enterprise or conspiracy existed. See Clatterbuck, 708 F.3d at 554. Rather, the reasonable inference to draw from these facts and from the decisions in Rodriguez's prior cases—which we consider as part of the public record—is that the individuals and courts who worked on Rodriguez's cases considered his claims and determined that they were without merit for a variety of reasons, including failure to state a claim, judicial immunity, and claim and issue preclusion. See id. at 557; Editor in

12

Chief, Legal Times, 285 F. App'x at 759-60; Shulman, 844 F. Supp. 2d at 7-12.

For all of the above reasons, we affirm the district court's dismissal of Rodriguez's complaint.

V.

We review jurisdictional questions *de novo* and the issuance of a pre-filing injunction for an abuse of discretion. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013) (jurisdiction); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (pre-filing injunction).

We have upheld the imposition of Rule 11 sanctions imposed after the district court issued its final judgment and the appellant filed a notice of appeal. Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987) (upholding the imposition of attorney's fees awarded under Rule 11 despite the appellant's argument that the district court lacked jurisdiction to impose sanctions after it filed a notice of appeal).

It is the appellant's duty to order transcripts relevant to any findings or conclusions that he intends to challenge on appeal. Fed.R.App.P. 10(b)(2); 4th Cir. R. 10(c)(1). An appellant waives an issue if he fails to comply with Federal Rule of Appellate Procedure 10(b)(2) and provide us with the

relevant transcripts.  Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987).

"[F]ederal courts [have] the authority to limit access to the courts by vexatious and repetitive litigants."  Cromer, 390 F.3d at 817.  "Such a drastic remedy must be used sparingly," but may be appropriate in cases where a litigant abuses "the judicial process by filing meritless and repetitive actions." Id. at 817-18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).

Rodriguez's argument that the district court lacked jurisdiction to impose sanctions after he filed his notice of appeal is without merit.  See Langham-Hill Petroleum Inc., 813 F.2d at 1330-31.

Furthermore, the district court has the ability to limit access to the courts, and Rodriguez has waived any argument regarding the merits of the pre-filing injunction because he failed to provide the Court with the transcript of the sanctions hearing.  See Cromer, 390 F.3d at 817; Keller, 827 F.2d at 954 n.1.  For the above-stated reasons, we affirm the district

14

court's judgment of dismissal and the district court's imposition of sanctions.[3]

AFFIRMED

---

[3] We DENY as moot Rodriguez's motion to disqualify and recuse the judges of the Fourth Circuit and Chief Justice John G. Roberts. We also DENY Rodriguez's motion to strike the federal defendants' response brief, and DENY Rodriguez's motion for an injunction.

15