Renatta L. **FRAZIER**, et al., **Plaintiffs**,

v.

John W. **HARRIS**, et al., **Defendants**.

No. 03–3007.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 9, 2003.

**174**

A. Courtney Cox, Hart & Hart, Benton, IL, for plaintiffs.

James A. Lang, John P. Schmit, Jenifer Lynn Johnson, Frank Martinez, Springfield, IL, for defendants.

## ORDER

SCOTT, District Judge.

This matter comes before the Court on Plaintiff Renatta Frazier's Motion to Declare Offer of Judgment Invalid. For the reasons set forth below, the Motion is ALLOWED.

On September 17, 2003, Defendant City of Springfield, Illinois (Springfield), and four of the individual Defendants, John W. Harris, William Pittman, Mary L. Vasconcelles, and Mark Harms (collectively the City Defendants), presented Frazier with an offer of judgment purportedly under Federal Rule of Civil Procedure 68 (Proposed Offer). The City Defendants are all represented in this matter by Springfield's Office of Corporation Counsel. Frazier states that the City Defendants expressly conditioned the Proposed Offer on subsequent approval by the Springfield City Council. The City Defendants do not dispute that this condition was placed on the Proposed Offer.

Frazier asks this Court to declare the Proposed Offer invalid under Rule 68 because of this condition. Rule 68 is designed to promote private settlement agreements. The Rule enables a defendant to make a settlement offer and require the plaintiff to choose to: (1) accept the offer and settle now; or (2) reject the offer, but thereafter accept the risk that plaintiff will be liable for the defendant's litigation costs, as well as Plaintiff's own litigation costs, incurred after the date of the offer if, (a) the ultimate judgment or verdict is entered in favor of the plaintiff, and (b) the judgment or verdict is less than the offer. Because Rule 68 is designed to facilitate settlement agreements, the validity of a Rule 68 offer is generally determined by analogy to contract law. *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir.1999); *Webb v. James*, 147 F.3d 617, 620 (7th Cir.1998); *Tocwish v. Jablon*, 183 F.R.D. 239, 240 (N.D.Ill.1998).[1]

In this case, the City Defendants' Proposed Offer is not a valid offer under contract law. A proposal is a valid contractual offer if it induces a reasonable belief in the recipient that she can, by accepting, bind the offeror. *Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.*, 58 F.3d 1227, 1229 (7th Cir.1995). If, however, the proposal states that upon acceptance by the recipient, the proposing party will decide whether to agree to the proposal, then the proposal is not an offer, but an invitation to make an offer. *Cobb–Alvarez v. Union Pa-*

---

**1.** The analogy to contract law is limited, however, because rejecting a contractual offer creates no legal consequences, but rejecting a Rule 68 offer imposes a legal obligation on the plaintiff to pay the defendant's post-offer litigation costs if a verdict or judgment entered in plaintiff's favor is less than the amount stated in the offer. *Nordby,* 199 F.3d at 392.

*cific Corp.*, 962 F.Supp. 1049, 1054–55 (N.D.Ill.1997). *See Restatement (Second) of Contracts* § 26 ("A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent."). *Cf. Architectural Metal Systems, Inc.*, 58 F.3d at 1230; *A/S Apothekernes Laboratorium for Specialpraeparater v. I.M.C. Chemical Group, Inc.*, 873 F.2d 155, 157–58 (7th Cir.1989) (a proposal is not an offer when the proposal is expressly subject to approval by corporate headquarters).

In this case, the Proposed Offer would not induce a reasonable belief in Frazier that she can bind the City Defendants to pay her the proposed settlement judgment if she accepts. Rather, the Proposed Offer tells Frazier that if she accepts, the Springfield City Council will then decide whether to approve the proposal and agree to pay the settlement judgment. As such, the Proposed Offer is actually an invitation to Frazier to make an offer to settle for the stated sum, which will only become binding if Frazier so offers and the Springfield City Council then accepts. Such an invitation to make an offer is not an offer. *Cobb–Alvarez*, 962 F.Supp. at 1054–55. Because the City Defendants did not make a valid offer, Rule 68 does not apply.

The City Defendants argue that the Proposed Offer is a valid conditional offer. They cite three cases which have indicated that Rule 68 offers may include conditions. In two of the cases, the defendants conditioned the Rule 68 offer on acceptance by all plaintiffs. *Amati v. City of Woodstock*, 176 F.3d 952 (7th Cir.1999); *Lang v. Gates*, 36 F.3d 73 (9th Cir.1994). In the third case, the defendant conditioned the offer on a requirement that the offer was not an admission of liability, and the judgment was only for settlement purposes. *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434 (N.D.Ill.1985). These conditions are quite different from the condition imposed by the City Defendants. If all the plaintiffs in *Amati* or *Lang* had accepted the offer of judgment, the respective defendant would have been obligated to pay the agreed judgment. If the plaintiff in *Mite* had ac-

cepted the offer with the denial of liability, the defendant would have been bound to pay the agreed judgment. In each of these cases, the offer made by the defendant was firm; any contingency was left in the hands of the plaintiff(s). Once the plaintiff(s) accepted, the defendant was bound. None of these cases stated that if the plaintiff(s) accepted the offer, the defendant would not be obligated to pay the proposed judgment unless the defendant's governing board later decided to approve the proposal. These cases therefore do not apply. The Proposed Offer is not a valid offer under Rule 68 because it is not a firm offer which binds the Defendants upon acceptance by Frazier.

THEREFORE, Plaintiff Renatta Frazier's Motion to Declare Offer of Judgment Invalid (d/e 42) is ALLOWED. Frazier will not be subject to the requirements of Rule 68 with respect to the September 17th offer of judgment. Defendants are free to resubmit another offer of judgment, in accordance with Rule 68, if they wish.

IT IS THEREFORE SO ORDERED.