13-1582-cv
*Stanczyk v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2013

(Argued: March 28, 2014       Decided: June 3, 2014)

Docket No. 13-1582-cv

ANNA STANCZYK,

*Plaintiff-Appellant*,

−v.−

CITY OF NEW YORK,
RICHARD DEMARTINO, Police Officer, Shield 12739, SHAUN GROSSWEILER,
Police Officer, JOHN DOE, 1-10, the names JOHN DOE being fictitious, as true
names are presently unknown, individually and in their official capacities,

*Defendants-Appellees*.[*]

————————

Before:
        WESLEY, CARNEY, *Circuit Judges*, RAKOFF, *District Judge*.[**]

——————————————

[*] The Clerk of the Court is directed to amend the official caption as noted above.
[**] The Honorable Jed S. Rakoff, of the United States District Court for the Southern
District of New York, sitting by designation.

Appeal from an April 2, 2013 judgment and a June 24, 2013 order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*). On March 21, 2013, a jury determined that individual defendants Richard DeMartino and Shaun Grossweiler, both City of New York police officers, violated Plaintiff-Appellant Anna Stanczyk's right to be free from excessive force under 42 U.S.C. § 1983. The jury awarded Stanczyk $55,000 in compensatory damages and $2,000 in punitive damages against each officer. As to the jury's verdict and corresponding judgment, Stanczyk seeks a new trial on damages alone. Stanczyk also challenges portions of the district court's June 24, 2013 order, which awarded to Defendants all costs accrued following the date of Defendants' Rule 68 Offer and awarded to Stanczyk pre-Offer attorney's fees and costs. With respect to the damages award, Stanczyk fails to establish that the challenged conduct caused prejudice. As to the June 24, 2013 order, the district court properly applied Rule 68 and did not abuse its discretion by reducing the reasonable hourly rate of Stanczyk's lead counsel. We accordingly **AFFIRM** the appealed-from judgment and order.

> JON L. NORINSBERG, Law Offices of Jon L. Norinsberg, New York, NY, *for Plaintiff-Appellant*.
>
> SCOTT A. KORENBAUM, New York, NY, *for Plaintiff-Appellant*.
>
> MICHAEL J. PASTOR (Kristin M. Helmers, *on the brief*), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees*.

WESLEY, *Circuit Judge*:

On March 21, 2013, a jury in the United States District Court for the

Eastern District of New York found City of New York police officers Richard

DeMartino ("DeMartino") and Shaun Grossweiler ("Grossweiler") (the

2

"Officers") liable under 42 U.S.C. § 1983 for employing excessive force while arresting Plaintiff-Appellant Anna Stanczyk ("Stanczyk") in November 2010.[1] The jury awarded Stanczyk $55,000 in compensatory damages and $2,000 in punitive damages against each Officer. Judgment was subsequently entered on April 2, 2013. In a June 24, 2013 order, the district court (Block, *J.*) awarded to Stanczyk attorney's fees and costs incurred prior to the date of Defendants' Rule 68 Offer (the "Offer"), and awarded to Defendants post-Offer costs, excluding attorney's fees. On appeal, Stanczyk primarily seeks a new trial on damages. She also challenges portions of the district court's June 24, 2013 order.

With respect to the damages award, Stanczyk fails to establish that the challenged conduct caused prejudice. As to the June 24, 2013 order, the district court properly applied Rule 68 and did not abuse its discretion by reducing the reasonable hourly rate of Stanczyk's lead counsel. We accordingly **AFFIRM** the appealed-from judgment and order.

---

[1] Although the jury's verdict applied to Grossweiler and DeMartino only, Stanczyk's complaint also alleged state law claims – none of which were submitted to the jury – that named the City of New York as a defendant. We refer to Grossweiler, DeMartino, and the City of New York collectively as "Defendants."

# BACKGROUND

Stanczyk originally filed suit in the United States District Court for the Eastern District of New York on January 18, 2011. The operative complaint alleged multiple violations of her civil rights under 42 U.S.C. § 1983 and several pendent state law violations arising from a November 2010 incident involving Stanczyk and the Officers. Stanczyk's Section 1983 claims alleging false arrest and excessive force were the only claims submitted to the jury. *Stanczyk v. City of N.Y.*, No. 11-CV-0249 FB RER, 2013 WL 3208073, at *1 n.1 (E.D.N.Y. June 24, 2013).

On December 11, 2011, defense counsel served Stanczyk with Defendants' Rule 68 Offer of Judgment (the "Offer"), which stated in pertinent part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant City of New York hereby offers to allow plaintiff Anna Stancyzk [*sic*] to take a judgment against it in this action for the total sum of One Hundred Fifty Thousand and One ($150,001.00) Dollars, plus reasonable attorneys' fees, expenses and costs to the date of this offer for plaintiff's federal claims.
>
> This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants City of New York, Richard DeMartino, Shaun Grossweil[]er, or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in

connection with the facts and circumstances that are the subject of this action. . . .

This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by any defendants, or any official, employee or agent of the City of New York, or any agency thereof; nor is it an admission that plaintiff has suffered any damages.

Acceptance of this offer of judgment will act to release and discharge defendants the City of New York, Richard DeMartino and Shaun Grossweil[]er; their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff in the above-referenced action.

Stanczyk rejected the Offer and proceeded to trial.

The facts of the underlying altercation were vigorously disputed at trial. What emerged from the testimony were conflicting accounts of a typical urban dispute. Stanczyk claimed that she took her dog out to do its "business," and her dog complied by urinating. The Officers then approached Stanczyk and accused her of not cleaning up a pile of feces that they claimed had just been deposited by her dog. Stanczyk protested her innocence, but the Officers ordered her to clean up the deposit. She did so and then was arrested either for screaming at the Officers and banging on their patrol car or solely because she did not have identification or a license for her dog on her person. A struggle ensued, and

5

Stanczyk suffered bruising and other injuries – either because the Officers struck her in the head and breasts and slammed the patrol car's rear door on one of her legs or because she fell to the ground while screaming and resisting the Officers' efforts to handcuff her.[2]

In addition to hearing testimony from Stanczyk and the Officers, the jury also heard from, among others, medical experts and physicians who had treated Stanczyk following the incident. Collectively, they testified that Stanczyk had required treatment, which had included an MRI, surgery, physical therapy, and psychological therapy, and that she would require additional medical treatment moving forward. One physician testified that she had met with Stanczyk fifty-one times over a two-year period for injuries relating to Post Traumatic Stress Disorder ("PTSD") and depression, and planned to continue similar treatment. Another testified that she continued to provide Stanczyk biweekly therapy sessions in order to treat PTSD and depression that resulted from the incident.

In contrast to the significant evidence concerning physical and emotional harm and past and future medical needs, Stanczyk submitted no evidence

---

[2] The Officers have not appealed the jury's liability verdict. Thus, while we are not able to chart the exact course of the jury's credibility determinations, both parties leave unchallenged the jury's ultimate determination that the Officers lawfully arrested Stanczyk but that they employed excessive force in accomplishing that end.

regarding the actual cost of her treatment – past or future – beyond her own recollection that she had paid $150 for one visit to a doctor she had seen one time. She did not place a single medical bill into evidence nor did she elicit testimony from any of her witnesses regarding the cost of treatment. The district court, aware of the problem that this lack of evidence could cause, alerted Stanczyk's counsel that there was not "any evidence [regarding] cost of [treatment] . . . . There's not a shred of evidence in here, other than she will have some continuing cost. But it's speculative as to what that cost will be." Trial Tr. Mar. 18, 2013 at 196-97. Counsel took no heed of that warning.

The jury returned a verdict for Stanczyk on the excessive force claim but found for the Officers on the false arrest claim. In conjunction with this finding, the jury awarded Stanczyk $55,000 in compensatory damages and $2,000 in punitive damages against DeMartino and Grossweiler. The district court entered judgment on April 2, 2013.

Following entry of judgment, Stanczyk filed a motion for attorney's fees and costs, and Defendants submitted a Bill of Costs. In a June 24, 2013 order, the district court (a) granted Stanczyk's motion with respect to costs and attorney's fees incurred prior to Defendants' Rule 68 Offer – although with a downward

7

adjustment as to her lead counsel's reasonable rate; and (b) awarded to

Defendants costs, excluding attorney's fees, incurred following the Rule 68 Offer.

This appeal followed.

## DISCUSSION

### 1. The Damages Award

On appeal, Stanczyk primarily challenges the jury's $59,000 damages

award as inadequate and as the product of errors by the district court and

improprieties by defense counsel.

Stanczyk faults the district court for failing to give a separate charge on

future damages. Stanczyk additionally argues that defense counsel prejudiced

the damages award by, *inter alia*, presenting a "highly improper and prejudicial"

summation and "repeatedly and brazenly inject[ing] race into the case by

attempting to portray [Stanczyk] as a racist who had problems with 'dark

people.'" Stanczyk Br. 22, 45.[3]

In resolving Stanczyk's request for a new trial on damages, counsel for

both Stanczyk and Defendants have forsaken opportunities both here and at the

---

[3] Stanczyk also ascribes error to several of the district court's evidentiary rulings. We have reviewed each and find none of them to constitute an abuse of discretion.

district court to deal with the matter more efficiently.  Stanczyk failed to move

pursuant to Rule 59 for a new trial on damages before the district court.  When "a

party has not attacked the adequacy of a verdict in a motion for judgment as a

matter of law or for a new trial, we have usually refused to review this issue on

appeal."  *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 437 (2d Cir. 1993);

*accord Calcagni v. Hudson Waterways Corp.*, 603 F.2d 1049, 1051 (2d Cir. 1979) (per

curiam); *Vaught v. Childs Co.*, 277 F.2d 516, 518 (2d Cir. 1960).  We may depart

from this prudential rule "where a verdict offends fundamental conceptions of

allowable damages, or presents so plain an error that it should be entertained in

order to prevent a miscarriage of justice."  *Zinman*, 983 F.2d at 437 (internal

brackets, quotation marks, and citations omitted).  No such grounds exist here.

Immediately after the jury rendered its verdict, Stanczyk's counsel noted

his intent to move to set aside the damages award on the basis that the damages

were insufficient as a result of much of the conduct Stanczyk challenges on

appeal.  The district court set a briefing schedule and granted Stanczyk's request

of four weeks to submit a post-trial brief.  Five days later, however, Stanczyk's

counsel changed his position and asked the district court to enter judgment so he

could proceed directly to this Court.  This decision inevitably precluded the

9

district court from considering the damages challenge "in the light of all of the facts then recently before it." *Vaught*, 277 F.2d at 518. Not to be outdone by Stanczyk's attorney's apparent haste (and perhaps folly), defense counsel has not raised the waiver issue here on appeal. We are thus left to address issues that might have been resolved below yet were not, and could have been precluded here but instead remain.

Turning to the merits, the district court did not err in refusing to give a separate charge as to future damages.[4] The district court's charge, although it did not separate out future damages, properly instructed the jury that it could consider "future suffering" in its damages calculation. Specifically, the pertinent portion of the jury instruction provided:

> A plaintiff is entitled to compensatory damages for her actual physical injuries, including pain and suffering caused by the injuries, and/or emotional distress that she has suffered because of the defendant's conduct. . . . The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should

---

[4] We review jury instructions *de novo* and will grant a new trial if, viewing the charge as a whole, we find that it was erroneous and prejudicial. *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008); *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 91 (2d Cir. 2002) (internal quotation marks omitted). "[P]rejudice is measured by assessing the error in light of the record as a whole." *Marshall v. Randall*, 719 F.3d 113, 116 (2d Cir. 2013) (internal quotation marks omitted).

not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered or *which she is reasonably likely to suffer in the future. . . .*

In determining the amount, if any, of plaintiff's damages, you may take into consideration the effect that her injuries have had on her ability to enjoy life. J.A. 1562-63 (emphasis added).

To the extent Stanczyk sought a charge on future medical *costs*, as distinct from future *pain and suffering*, the district court correctly concluded that an award for medical costs would have been speculative and unsupported by the record. Beyond a passing reference to one $150 fee, Stanczyk's counsel failed to submit any evidence concerning past or future medical costs. Contrary to Stanczyk's contention, her trial testimony that she recalled paying her first psychiatrist $150 for one session – apparently the only session she had because she could not afford the $150 fee – does not render the district court's jury instruction improper.[5]

---

[5] Stanczyk contends that Dr. Marcia Knight, whom Stanczyk retained as an expert, similarly testified that Stanczyk had paid $150 per session to her first therapist. The trial transcript does not support this claim. Although Dr. Knight testified that Stanczyk had informed her that financial constraints prohibited her from attending therapy more than once every other week, the transcript – including the pages Stanczyk identified and as revealed through this panel's independent review – does not reference the cost of these, or any other, therapy sessions.

Stanczyk's contention that New York CPLR 4111 required itemized verdict forms is similarly misplaced. Stanczyk fails to explain how this state statute dictates the type of

11

Stanczyk also argues that she is entitled to a new trial on damages because of defense counsel's allegedly improper summation and general misconduct throughout trial. We agree that many of defense counsel's comments, particularly those invoking race, seem random and unconnected to the case. Nonetheless, because of the district court's constant admonitions and curative instructions, Stanczyk's counsel's failure to provide the jury with any evidence or guidance concerning a proper compensatory damages award, and the absence of a connection between any potentially improper conduct and the jury's award of punitive damages, we conclude that this conduct, even to the extent improper, was harmless.

Defense counsel's racially inflected comments warrant a moment of our attention. These comments appear to have first arisen during the cross-examination of Dr. Marcia Knight. In the form of a hypothetical, defense counsel asked Dr. Knight whether, before making a diagnosis, she would like to know that the "individual had assaulted a coworker, was told to go to anger management, refused to go to anger management, was terminated, and then blamed, quote, to use their words, *dark people*, for being terminated." Trial Tr.

verdict form which a federal judge, who is presiding over a federal proceeding, must provide to a jury that is considering federal claims only.

12

Mar. 14, 2013, at 164 (emphasis added). Moments later, after Dr. Knight stated that the hypothetical would not necessarily have changed her report but that she would have inquired further, defense counsel asked, "You would have tried to determine what the individual meant when they said *dark people* were behind their termination?" *Id.* at 165-66 (emphasis added). Somewhat later, defense counsel posed a nearly identical question. Immediately following each of the foregoing questions, the district court explicitly instructed the jury that the statements comprised a hypothetical and were not evidence in the record. The district court also asked Dr. Knight follow-up questions that clarified that the hypotheticals did not alter her report and diagnosis. *Id.* at 164, 166, 182.

On several more occasions, which followed the district court's clear admonishment, defense counsel pressed witnesses with questions about Stanczyk's "difficulty" with "dark people." As before, the district court immediately sustained Stanczyk's counsel's objections and instructed the jury that, for instance, "this case has nothing to do with race. It has nothing to do with race. I don't want any of you folks to enter into any thought whatsoever that this case has anything to do with race. Don't go there. Don't go there. . . . When I looked, the police officers were white. [Stanczyk] is white. Don't go

13

there." Trial Tr. Mar. 18, 2013, at 17-18. The district court's constant admonitions and curative instructions correctly reminded the jury that race was not an issue in the case and that defense counsel was out of line. Those continuous and unequivocal admonitions and curative instructions, along with the irrelevance of race to the underlying altercation or claims, distinguish this case from others that warranted a new trial. *See, e.g., McFarland v. Smith*, 611 F.2d 414, 419 (2d Cir. 1979); *Moore v. Morton*, 255 F.3d 95, 120 (3d Cir. 2001).

Moreover, although Stanczyk's counsel elicited substantial testimony and submitted numerous exhibits concerning Stanczyk's physical and emotional pain and suffering, he failed to submit a single medical bill or elicit any testimony from Stanczyk's experts and treating physicians regarding the cost of her medical treatment. Further compounding this error, Stanczyk's counsel never provided the jury with a reference point from which to gauge Stanczyk's damages. For instance, he elected not to suggest, nor even move for the opportunity to suggest, a specific damages figure to the jury. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997). Rather, as a review of his summation makes clear, Stanczyk's counsel relegated to the jury full discretion to award what it deemed proper.

As this Court has stated, albeit in a somewhat different context, "[a] plaintiff is not permitted to throw [herself] on the generosity of the jury. If [s]he wants damages, [s]he must prove them." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 119 (2d Cir. 2004) (internal quotation marks omitted). Stanczyk's counsel effectively abdicated this duty; in light of the unique facts of this case, his failure to provide evidence as to cost or to provide the jury with a monetary reference point precludes a finding that the challenged conduct, even if improper, erroneous, or an abuse of discretion, caused prejudice to the jury's award of compensatory damages.

Stanczyk has also failed to demonstrate that any potentially improper conduct by defense counsel prejudiced the jury's award of punitive damages. The jury was carefully instructed that it was to consider the Officers' conduct in determining punitive damages. Since the challenged conduct relates to characterizations and representations of Stanczyk and not to whether the Officers acted maliciously or wantonly, Stanczyk fails to prove that any of the challenged conduct prejudiced the award of punitive damages.

For all of the foregoing reasons, Stanczyk is not entitled to a new trial on damages.

**2. The Rule 68 Offer**

    **a. Cost-Shifting**

Federal Rule of Civil Procedure 68 provides in relevant part:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68 (a), (d).

"Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006); *accord Marek v. Chesny*, 473 U.S. 1, 5 (1985). Under normal circumstances, a plaintiff who prevails on a 42 U.S.C. § 1983 claim is entitled to recover costs, including reasonable attorney's fees. *See* Fed. R. Civ. P. 54(d)(1); 42 U.S.C. § 1988(b); *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 97 (2d Cir. 1997). Rule 68, however, precludes a plaintiff from recovering post-offer costs if (a) the defendant timely serves plaintiff with an offer of judgment, (b) plaintiff rejects the offer, and (c) plaintiff prevails but obtains a judgment less than the rejected offer. Fed. R. Civ. P. 68(d); *see also Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 58 (2d Cir. 2012).

The City's unaccepted offer provided for a judgment in an amount greater than that which Stanczyk obtained at trial. In light of Rule 68, it is undisputed that the district court properly limited Stanczyk's costs and attorney's fees to those incurred prior to December 11, 2011. The district court also determined that Rule 68 entitled Defendants to costs – excluding attorney's fees – that they incurred after making the Offer. *See Stanczyk*, 2013 WL 3208073, at *1 (citing Fed. R. Civ. P. 68(d); *Lyons v. Cunningham*, 583 F. Supp. 1147, 1156 (S.D.N.Y. 2009); *Hedru v. Metro-N. Commuter R.R.*, 433 F. Supp. 2d 358, 359-60 (S.D.N.Y. 2006); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 382 (E.D.N.Y. 2004)). Stanczyk challenges this latter portion of the district court's decision and argues that Rule 68 cuts off a prevailing plaintiff's right to costs but does not compel a prevailing plaintiff to bear the defendant's post-offer costs.

In other words, Stanczyk's challenge requires us to determine whether Rule 68 not only cancels the operation of Rule 54(d) – which entitles a prevailing party to costs – but also reverses it.[6] Although this is an issue of first impression

---

[6] "We review *de novo* a district court's interpretation of the Federal Rules of Civil Procedure, and review for clear error any findings of fact." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006) (internal citation omitted).

in this Circuit,[7] every Circuit to have confronted this question appears to have reached the same conclusion: Rule 68 reverses Rule 54(d) and requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less favorable than the unaccepted offer.  *See, e.g., Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1028 (9th Cir. 2003); *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 645 (7th Cir. 2001); *Lawrence v. Hinton*, 937 F.2d 603 (4th Cir. 1991) (per curiam), *abrogated on other grounds by Farrar v. Hobby*, 506 U.S. 103 (1992); *Crossman v. Marcoccio*, 806 F.2d 329, 331-33 (1st Cir. 1986).  Other than *Crossman v. Marcoccio*, none of the above-cited decisions engage this issue in much detail; some simply rely on earlier Circuit precedent that did no more than cite Rule 68(d)'s mandate that a prevailing plaintiff must "pay the costs incurred after the offer was made" when the ultimate judgment is less than the unaccepted offer.  *See, e.g., Champion Produce*, 342 F.3d at 1028 (citing *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996)); *Harbor Motor Co.*, 265 F.3d at 645 (citing *Gavoni v. Dobbs House, Inc.*,

---

[7] Recently, a panel from this Circuit surmised that "[u]nder [Rule 68], when a plaintiff refuses an offer that satisfies Rule 68 (by, *inter alia*, making an offer of *judgment*) and then fails to win more than the offered amount at trial, costs are shifted to the plaintiff as part of the judgment."  *Cabala v. Crowley*, 736 F.3d 226, 229 (2d Cir. 2013).  Although this language could be read for the proposition that a prevailing plaintiff must pay a defendant's post-offer costs under Rule 68, the context in which this language arises reveals that this particular issue was not before the panel.

164 F.3d 1071, 1075 (7th Cir. 1999)). *Crossman*, in contrast, thoroughly examined Rule 68's plain language, purpose, and historical roots, all of which weigh against Stanczyk's position. *See Crossman*, 806 F.2d at 331-33. Given *Crossman*'s detailed analysis, which we view as persuasive on this point, and the apparent unanimity among each Circuit to have confronted this issue, we similarly conclude that Rule 68, when applicable, requires a prevailing plaintiff to pay defendant's post-offer costs, excluding attorney's fees.

In arguing to the contrary, Stanczyk fails to challenge *Crossman*'s detailed analysis or to even explain how Rule 68's plain language supports her position. Instead, she points to *Marek v. Chesny*, 473 U.S. 1 (1985), for the proposition that "the only effect of Rule 68 is to cut off *plaintiff's* right to recover 'costs' – including attorneys [*sic*] fees – that are incurred *by plaintiff* after the offer is rejected . . . [but] does *not* mean that plaintiff must *also* bear defendants [*sic*] costs." Stanczyk Br. 70. *Marek* does not support this proposition; the case concerned whether Rule 68 precluded a prevailing Section 1983 plaintiff from recovering post-offer attorney's fees, not whether Rule 68 shifts a defendant's post-offer costs to the plaintiff. *See Marek*, 473 U.S. at 9; *see also Harbor Motor Co.*, 265 F.3d at 645 n.9; *Crossman*, 806 F.2d at 332-33. In fact, *Marek* could not have

19

concerned the issue now before us; the *Marek* defendants did not appeal the portion of the district court's order that denied their request for costs.[8]

Finally, our reading of Rule 68 does not, as Stanczyk suggests, "violate the express terms of Section 1988," Stanczyk Br. 70, which permit awarding attorney's fees to a prevailing defendant only when "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant," *Hensley v. Eckerhart*, 461 U.S. 424, 429 n. 2 (1983); *accord Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Although we appreciate this concern, *cf. Marek*, 473 U.S. at 22 *(*Brennan, *J.,* dissenting) (perceiving possible tension between majority's interpretation of Rule 68 and 42 U.S.C. § 1988), our conclusion in no way dictates that a prevailing plaintiff such as Stanczyk would be liable for a defendant's post-offer attorney's fees – a result that would be at odds with Section 1988. In *Marek*, the Supreme Court made

---

[8] Stanczyk's claim that the *Marek* "Court noted with approval that the 'District Court refused to shift to [plaintiff] any costs accrued by [defendants]'" is baseless. Stanczyk Br. 71 (quoting *Marek*, 473 U.S. at 4 n.1). The cited language does no more than identify a portion of the district court's ruling that went unchallenged on appeal. *See Marek*, 473 U.S. at 4 n.1. Stanczyk's reference to a single footnote from *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 359 n.24 (1981), is equally unpersuasive. First, *Delta Air Lines* did not concern the issue now before us, but rather whether Rule 68 applies when a defendant prevails. *See id*. at 350**.** Second, the *Delta Air Lines* footnote and surrounding commentary are at best ambiguous, and arguably support our reading that Rule 68 requires a prevailing plaintiff to pay defendant's post-offer costs. *See id*. at 359 & n.24; *see also Crossman*, 806 F.2d at 331.

clear that "the term 'costs' in Rule 68 was intended to refer to all costs *properly awardable* under the relevant substantive statute or other authority." 473 U.S. at 9 (majority opinion) (emphasis added). Because a civil rights defendant can recover attorney's fees only when the plaintiff's claims are "vexatious, frivolous, or brought to harass or embarrass," and a prevailing plaintiff by virtue of her victory exceeds this standard, we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action. *See generally Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 411 (3d Cir. 2013), *as amended* (July 22, 2013); *King v. Rivas*, 555 F.3d 14, 20 n.7 (1st Cir. 2009).

### b. Application of Rule 68 Offer to Defendants

Stanczyk further claims that the district court improperly shifted Defendants' post-offer costs on the grounds that (1) the Offer applied to the City only and not to the Officers, and that (2) the Offer was ineffective because it failed to apportion liability among Defendants.

Stanczyk's first argument is premised on the notion that Rule 68 applies only to parties against whom the offer permits taking judgment. In other words, Stanczyk contends that the Offer applied to the City but not to the Officers

21

because, by its own terms, the Offer limits judgment to the City: "*defendant City of New York* hereby offers to allow plaintiff Anna Stancyzk [*sic*] *to take a judgment against it* in this action for the total sum of One Hundred Fifty Thousand and One ($150,001.00) Dollars." (emphasis added).

The district court acknowledged that the Offer "provided for judgment to be taken against the City." *Stanczyk*, 2013 WL 3208073, at *2. Nonetheless, the district court concluded that Stanczyk's argument was "misplaced" because "the Offer clearly applied to all defendants." *Id*. We agree with the district court that the Offer, as a practical matter, applied to all Defendants because it expressly "release[d] and discharge[d] . . . the City of New York, Richard DeMartino and Shaun Grossweil[]er"; provided that judgment shall be in "full satisfaction of all federal and state law claims or rights that [Stanczyk] may have . . . arising out of the alleged acts or omissions of defendants City of New York, Richard DeMartino, [and] Shaun Grossweil[]er"; and was submitted by New York's Corporation Counsel expressly on behalf of "Defendants City, Richard Demartino and Shaun Grossweil[]er." *Id.* (internal quotation marks omitted). The question remains, however, whether an offer that unambiguously applies to all named defendants is nevertheless inoperative for purposes of Rule 68 because

22

it does not provide for judgment to be taken against each defendant.[9]  In light of the Rule's plain language and having considered all of Stanczyk's arguments, we conclude that the district court was correct.

First, Stanczyk never addresses Rule 68's text, which counsels against Stanczyk's proposed reading.  As stated above, Rule 68(a) permits "a party defending against a claim [to] serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  Nothing in this language appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party.  To the contrary, the Rule provides the defending party with discretion to "allow judgment on specified terms," terms which we believe need not include taking judgment against each defendant.

---

[9] Stanczyk has not articulated why it would be necessary for a plaintiff to obtain a judgment against all named defendants.  At oral argument, Stanczyk's counsel claimed that interpreting Rule 68 to apply to such offers – that is, offers in which one of multiple defendants permits judgment to be taken against itself but not against other named defendants – would enable municipalities to avoid future *Monell* liability.  Counsel offered no explanation as to why offers in particular lawsuits that unambiguously apply to, and are made on behalf of, all named defendants, yet only permit taking judgment against the municipality, would foster this result.  We cannot comprehend how such a scenario would play out and need not address this concern because the Offer relates only to the liability issues raised in this case.

A defendant's discretion to offer "judgment on specified terms" in no way relieves her from the requirement that Rule 68 offers must unambiguously be made by "a party defending against a claim," Fed. R. Civ. P. 68(a); *accord Struthers v. City of N.Y.*, No. 12-CV-242, 2013 WL 5407221, at \*4 (E.D.N.Y. Sept. 25, 2013) (citing *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992)), and must be capable of comparison to the judgment ultimately obtained, *see Rivas*, 555 F.3d at 19; *cf. Reiter*, 457 F.3d at 229-31. These requirements pose no problem for Defendants; the Offer was clearly made on behalf of all Defendants and there is no dispute that the amount Stanczyk ultimately obtained was less than that provided by the Offer. As the district court noted, the Offer identified the City and the Officers; unambiguously relieved the City and the Officers from any liability stemming from the incident; and was submitted by Corporation Counsel bearing the following signature: "Attorney for Defendants City, Richard Demartino and Shaun Grossweil[]er." Stanczyk's arguments ultimately reduce to the claim that an ambiguous Rule 68 offer is inoperative. We are receptive to this limited point, *cf. Erdman v. Cochise Cnty.*, 926 F.2d 877, 880-81 (9th Cir. 1991); but as the foregoing explains, the City's Rule 68 Offer was unambiguous.[10]

---

[10] Contrary to Stanczyk's contention, *Struthers v. City of N.Y.*, No. 12-CV-242, 2013 WL

Lastly, Stanczyk argues that the Offer was inoperative because it failed to apportion damages among the named defendants. To support this proposition, Stanczyk looks to cases from the Fifth and Seventh Circuits. *See Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 868-69 (5th Cir. 1986); *Harbor Motor Co.*, 265 F.3d at 648. Stanczyk admits that the First Circuit has since determined that Rule 68 offers need not, as a *per se* rule, allocate damages to multiple defendants. *See Rivas*, 555 F.3d at 19. The *Rivas* court based this reading of Rule 68 on the following considerations: (1) Although Rule 68 was written in the singular – "liability of one party to another" – federal law provides that "unless the context indicates otherwise -- words importing the singular include and apply to several persons, parties or things," *id*. at 17 (citing 1 U.S.C. § 1); (2) Rule 68 is designed to encourage settlements, and in multi-defendant cases in which a single payer will likely pay the entire judgment, a full settlement that does not apportion damages will often be the most workable and logical, *id*. at 17-18; and (3) a nominal

5407221 (E.D.N.Y. Sept. 25, 2013), in which the district determined that the City's Rule 68 Offer was invalid, is materially distinct from this case. Unlike Defendants' Offer, which included a signature block that explicitly stated that Corporation Counsel was "Attorney for Defendants City, Richard Demartino and Shaun Grossweil[]er," the Corporation Counsel signature block at issue in *Struthers* stated only "Attorney for Defendant City." *Id*. at *3. Moreover, the City's Rule 68 offer in *Struthers*, *id*. at *5, failed to name the individual officer against whom judgment was ultimately taken. These facts led the district court to conclude that the Rule 68 Offer was ambiguous on its face and therefore invalid. *Id*.

25

allocation of damages makes little sense when a package offer does not permit individual defendants to independently settle the claims against them, *id*. at 18-19.

Beyond a conclusory request that we find in her favor, Stanczyk fails to explain why we should not follow the First Circuit's reading of Rule 68. We find the First Circuit's conclusion and reasoning consistent with Rule 68 and hold that Rule 68 offers need not, as a *per se* rule, expressly apportion damages among multiple defendants. With respect to apportionment, a Rule 68 offer is operative so long as it is capable of being compared to the prevailing plaintiff's ultimate recovery. Because the Offer meets this standard, we affirm the district court's decision below.

### 3. The Attorney's Fees Award

Lastly, Stanczyk claims that the district court erred in reducing the amount of her awardable attorney's fees.[11] This argument requires minimal attention.

In calculating attorney's fees, the district court must first determine the "lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – [which] creates a presumptively reasonable fee."

---

[11] We review a district court's award of attorney's fees for abuse of discretion. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

*Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted). The district court then has discretion to reduce the lodestar to reflect the degree of success achieved at trial. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).

Below, the district court determined that the hourly rate for Stanczyk's lead counsel required a downward adjustment on the basis that his poor representation negatively impacted Stanczyk's success at trial. *See Stanczyk*, 2013 WL 3208073, at *4-6. To justify this adjustment, the district court reasoned that although "there was ample evidence of Stanczyk's physical and mental injuries to support substantial compensatory and punitive damages," the jury's arguably low damages award was likely the result of Stanczyk's counsel's "failure to provide the jury with any monetary semblance of guidance." *Id*. at *4. For all the reasons discussed above – including Stanczyk's counsel's *laissez-faire* summation and his failure to submit a single medical bill or have any of Stanczyk's physicians or experts testify as to medical costs – the district court's attorney's fees award was within its discretion. *See id*. at *5.

**CONCLUSION**

We have considered each of Stanczyk's arguments and find them to be without merit. For the foregoing reasons, the April 2, 2013 judgment and June 24, 2013 order are hereby **AFFIRMED**.