Jane DOE, Mother Doe, and
Father Doe, Plaintiffs,

v.

**SPARTANBURG COUNTY SCHOOL
DISTRICT THREE, Jim Ray, and
Todd E. Hardy, Sr., Defendants.**

C.A. No. 7:15–2764–HMH

United States District Court,
D. South Carolina,
Spartanburg Division.

Signed January 8, 2016

Andrea E. White, Duff Turner White and Boykin, Jeffrey C. Kull, Murphy and Grantland, Columbia, SC, for Defendants.

## OPINION & ORDER

Henry M. Herlong, Jr., Senior United States District Judge

This matter is before the court on Jane Doe, Mother Doe, and Father Doe's (collectively, the "Does") motion to alter or amend, or in the alternative, reconsider judgment pursuant to Rules 59(e) or 60(b)(1) of the Federal Rules of Civil Procedure. After a thorough review, the Does' motion is denied.

## I. Factual and Procedural Background

The facts of this action are fully set forth in the court's previous order on August 19, 2015, and are incorporated herein. (Aug. 19, 2015 Order, ECF No. 10.) The instant motion concerns an offer of judgment by Spartanburg County School District Three (the "District") that was subsequently accepted by the Does and entered into the record by the court. By letter dated September 3, 2015, counsel for the Defendants presented the Does with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Pl. Notice of Acceptance Ex. 1 (Offer of Judgment), ECF No. 16–1.) On September 21, 2015, the Does filed a notice of acceptance of this offer of judgment. (*Id.,* ECF No. 16.) The next day, the court entered an amended judgment in favor of the Does having "accepted Defendant Spartanburg County School District Three's Offer of Judgment." (Am. Judg., ECF No. 19.) Three motions were filed concerning this entry of judgment. First, the Does filed a motion for attorneys' fees on September 21, 2015. (Pl. Mot. Attorneys' Fees, ECF No. 17.) Second, counsel for the Defendants filed a motion to bifurcate regarding the Does' motion for attorneys' fees on September 30, 2015. (Def. Mot. Bifurcate, ECF No. 21.) Third and finally, counsel for the Defendants also filed a motion to vacate or, in the alternative, alter or amend judgment on October 8, 2015. (Def. Mot. Vacate, ECF No. 24.) On November 10, 2015, a hearing was held on all three motions, and the motion to vacate was denied and the motion for attorneys' fees and motion to bifurcate were dismissed as moot. The court found that the offer was not ambiguous and was a valid and enforceable offer of judgment. The instant motion to alter or amend, or in the alternative, reconsider judgment on the motion for attorneys' fees was filed on December 8, 2015. (Pl. Mot. Alter/Amend, ECF No. 33.) The Defendants filed a response on December 23, 2015. (Def. Resp. Opp'n Mot. Alter/Amend, ECF No. 34.) On January 4, 2016, the Does

replied. (Pl. Reply, ECF No. 35.) This matter is now ripe for review.

## II. Standard of Review

■ The Fourth Circuit has recognized that there are three grounds for amending an earlier judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citation and quotation marks omitted). Alternatively, Rule 60(b)(1) provides grounds for relief from an order for the following reasons: "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

## III. Discussion of Law

The Does request that the court alter or amend its judgment on their motion for attorneys' fees in order to correct a clear "error of law." (Pl. Mot. Alter/Amend 2, ECF No. 33.) The Does contend an error of law was committed in the court's interpretation of the offer of judgment based on two separate grounds, which will be addressed in turn. Offers of judgment are governed by Rule 68 of the Federal Rules of Civil Procedure, which provides in relevant part:

[ (a) ] At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued .... [ (d) ] If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed.R.Civ.P. 68(a), (d).[1]

### A. *Ambiguity*

■ The Does first argue that the offer of judgment is ambiguous, and therefore the

---

1. The Does emphasize that only Rule 68 is at issue here, and the court agrees. The court recognizes that it mistakenly referenced Rule 58 at the hearing, but at all times, the court was relying on Rule 68, as the court acknowledged at

ambiguity should be construed against the offeror. (Pl. Mot. Alter/Amend 6, ECF No. 33.) As a general proposition, an ambiguous Rule 68 offer of judgment should be construed against the offeror. *Bosley v. Mineral Cty. Comm'n,* 650 F.3d 408, 414 (4th Cir. 2011) ("Because the Rule 68 offeree does not have the luxury of refusing the offer to assure that she has not bound herself to any terms that may later become unfavorable, she may construe the offer's terms strictly, and ambiguities in the offer are to be resolved against the offeror.") (internal citations omitted); *First Fin. Ins. Co. v. Hammons,* 58 Fed.Appx. 31, 33–34 (4th Cir.2003) (unpublished) (citing *Nordby v. Anchor Hocking Packaging Co.,* 199 F.3d 390, 391 (7th Cir.1999), and *Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830, 833 (9th Cir.1997)).

 The Does allege the ambiguity arises over whether the offer of judgment provides for judgment to be entered against the District only or against all the Defendants. (Pl. Mot. Alter/Amend 6, ECF No. 33.) However, the court finds the offer clearly and unambiguously provides for judgment to be entered against the District only. This finding is based on the very first sentence of the offer of judgment: *"Spartanburg County School District Three, a Defendant,* pursuant to Federal Rule of Civil Procedure 68, offers to settle this matter in its entirety *against all defendants ... by having judgment entered against it* in the amount of One Hundred Twenty–Five Thousand and 00/100 ($125,000.00) Dollars." (Pl. Notice of Acceptance Ex. 1 (Offer of Judgment 1), ECF No. 16–1 (emphasis added).) This provision immediately establishes that it is the District, and not any other defendant, that is making this Rule 68 offer of judgment. Further, when referring to the party or parties judgment will be entered against, this provision includes the singular pronoun "it," and not, for example, the plural pronoun "them" or

the phrase "all defendants." The District's unambiguous language evidences its intention that judgment should be entered against it, and only it.[2]

The Does argue that the final sentence of the offer of judgment and the legal operation of Rule 68(d) entitlement to costs raise doubt about this clear language. The final sentence of the offer reads: "If this offer is not accepted ... it shall be deemed withdrawn and *these Defendants* will proceed with preparation for trial and shall seek recovery against the Plaintiffs for all permitted costs and fees." (*Id.* Ex. 1 (Offer of Judgment 2), ECF No. 16–1 (emphasis added).) The Does point to the phrase "these Defendants" to suggest the offer of judgment was "on behalf of all Defendants ... [and] an offer against all Defendants." (Pl. Mot. Alter/Amend 7, ECF No. 33.) The Does contend that if the offer of judgment only provides for judgment to be entered against a single defendant, then the other non-offering defendants cannot be permitted to seek recovery of the costs and fees entitled to them by the hypothetically-rejected offer of judgment under Rule 68(d). According to the Does, by suggesting that the other non-offering defendants are permitted to seek such costs and fees, this final sentence raises ambiguity, and therefore, the offer of judgment should be construed against all Defendants.

However, contrary to the Does' assertion, this last provision is not ambiguous. This sentence does not stand for the proposition that each of the Defendants, including the non-offering defendants, would be definitively entitled to the Rule 68(d) post-offer costs and fees if the offer were rejected. Instead, the provision merely explains that the Defendants will pursue whatever costs and fees are permitted, even if it is solely the District that is entitled to the Rule 68(d) post-offer costs and fees.[3] Thus, the court finds the offer of

the hearing as well. (Hr'g Tr. 17:5–12, ECF No. 32.)

2. At the hearing, counsel for the Does acknowledged the word "it" referred to the District. (Hr'g Tr. 6:6–11, ECF No. 32.)

3. The Defendants contend that only the District would be permitted to seek the post-offer costs

and fees from this offer of judgment if it were hypothetically rejected. (Hr'g Tr. 19:14–25, 20:1–10, ECF No. 32.) However, in ruling on the instant motion, the court need not reach the issue of whether all Defendants, including the non-offering defendants, can reap the benefits of the rejected Rule 68 post-offer costs and fees, or whether only the District as the singular-offering defendant can reap such benefits. Nevertheless,

judgment to be unambiguous and that no error of law was committed when judgment was entered against the District only.

## B. Validity

█ Next, the Does argue that the offer of judgment is a conditional offer, or in other words, that it contains invalid terms. (Pl. Mot. Alter/Amend 3–4, 7, ECF No. 33.) This argument is based on two separate, but interrelated issues: (1) whether an offer of judgment made by a singular defendant, taking judgment solely against that singular defendant, and contingent on the release of other non-offering defendants constitutes a valid offer, and (2) whether an offer of judgment contingent on a plaintiff signing a general release that was not included with the initial offer of judgment constitutes a valid offer.[4] The Does request that the court find the entire offer of judgment invalid, remove it from the record, and allow the parties to prepare for trial. (*Id.* at 8, ECF No. 33.)

### 1. The Singular–Defendant Offer of Judgment

After a thorough review of the case law, research revealed no Fourth Circuit precedent addressing the validity of conditioning a singular-defendant offer of judgment on the dismissal of claims against other non-offering defendants.[5] However, the basis for the Does' argument comes from Fourth Circuit precedent holding that "an offer of judgment made pursuant to Rule 68 must specify a definite sum or other relief for which judgment may be entered and must be uncondi-

tional." *Simmons v. United Mortgage & Loan Inv., LLC,* 634 F.3d 754, 764 (4th Cir. 2011). The Does argue exclusively from *Simmons* for the proposition that conditioning an offer of judgment in a manner where a single defendant takes judgment, but other non-offering defendants are released from judgment, violates the requirement from *Simmons* that an offer of judgment must be unconditional.

█ However, *Simmons* never addressed the issue of whether an offer of judgment must result in judgment against all defendants regardless of a specific term that releases other non-offering defendants. First, *Simmons* only involved one defendant and not multiple named or potential defendants. Second, and more importantly, the defendant presented a settlement letter that established an indefinite amount of judgment, which would be determined at a later date after further discovery. The Fourth Circuit held the settlement letter did not constitute an offer of judgment, because the settlement amount was neither definite nor unconditional. *Id.* at 764 (holding "the plaintiff must know unequivocally what is being offered in order to be responsible for refusing such offer"). Moreover, the language of Rule 68 is contrary to the Does' interpretation of "unconditional" in *Simmons,* because Rule 68 explicitly provides that offers of judgment can be "on specified terms." Hence, the court interprets *Simmons* to stand for the proposition that an indefinite amount of judgment, like in *Simmons,* runs afoul of the

---

the court recognizes that the Second Circuit upheld a district court's award of Rule 68 post-offer costs and fees to all defendants, including non-offering defendants. *Stanczyk v. City of New York,* 990 F.Supp.2d 242, 246–47, 253–54 (E.D.N.Y.2013), *aff'd,* 752 F.3d 273 (2d Cir. 2014).

**4.** The Does also suggest these terms are not invalid but create ambiguity, which should be construed in their favor by enforcing the offer of judgment against all of the Defendants. To the extent the Does are making this argument, this approach is improper. If there is a facially invalid term, the proper action is to hold the offer of judgment unenforceable, rather than finding ambiguity in the offer and construing it liberally in favor of the non-drafting party. *See, e.g., Frazier v. Harris,* 218 F.R.D. 173, 175 (C.D.Ill.

2003) (finding an invalid condition existed and holding the offer of judgment was therefore invalid and unenforceable).

**5.** The court found one case within the Fourth Circuit in which this issue was raised, but the district court in that case explicitly refused to address the merits of such a condition. *Humphries v. Elite Force Staffing, Inc.,* No. 3:15CV112, 2015 WL 3902394, at *2 n. 2 (E.D.Va. June 24, 2015) (unpublished) ("The Court notes that Plaintiffs argue that the Offer was made by [a singular defendant], rather than both Defendants collectively.... However, because the Court finds that the Offer was invalid [on other grounds], the Court need not decide whether the Offer was brought by one or both Defendants or the efficacy of such a Rule 68 offer that was hypothetically otherwise valid.").

"specified terms" requirement of Rule 68, and therefore should be held unenforceable. In this case, unlike in *Simmons*, there is a definite sum included in the offer of judgment ($125,000). Further, the offer to enter judgment against the District only with the agreement to dismiss all Defendants was a clearly specified term. Based on the foregoing, the court finds the requirements of *Simmons* and Rule 68 have been met.

Additionally, even though there is no binding precedent from the Fourth Circuit considering this issue, there is persuasive precedent from another circuit court that validates the specific term of entering judgment against one defendant only while releasing the other non-offering defendants.[6] In construing Rule 68, the Second Circuit has held:

> Nothing in this language appears to require that the defending party's (or parties') offer must permit taking judgment against every defending party. To the contrary, the Rule provides the defending party with discretion to 'allow judgment on specified terms,' terms which we believe need not include taking judgment against each defendant.

■ *Stanczyk v. City of New York*, 752 F.3d 273, 283 (2d Cir.2014). The court agrees with this precedent and its reasoning. Therefore, the court finds that an offer of judgment made by a singular defendant, taking judgment solely against that singular defendant, and contingent on the release of other non-offering defendants constitutes a valid offer.

### 2. The General Release

■ Having found that such a condition is a valid, specific term under Rule 68, the court turns to the Does' second argument:

that the condition for the Does to sign a general release, the specific terms of which were not included in the offer, is an invalid condition that renders the offer unenforceable. The Does again rely on *Simmons*, but for the same reasons discussed above, the court finds the holding in *Simmons* inapplicable to the condition of signing a general release. A "general release" is an understood term under traditional contract interpretation: it is "not restricted by its terms to particular claims or demands, [and it] ordinarily covers all claims and demands due at the time of its execution, and within the contemplation of the parties." *See, e.g., Gardner v. City of Columbia Police Dep't*, 216 S.C. 219, 57 S.E.2d 308, 310 (1950). The general release in this case simply mirrors what the offer of judgment explicitly states in the first instance: it releases the Defendants (and anyone affiliated with the District) from all claims in connection with this civil action. It is not, as the Does suggest, an "undefined post-offer, post-acceptance condition[ ]." (Pl. Reply 2, ECF No. 35.)

■ The crux of the issue is attorneys' fees. While it is true this offer of judgment does not expressly reference attorneys' fees, the general release is clear in that it releases the Defendants (and anyone affiliated with the District) from all claims in connection with this civil action. The Does, in their complaint, requested attorneys' fees. Thus, the Does cannot argue that an offer of judgment fully releasing the Defendants from any other liability and dismissing the action in its entirety did not contemplate attorneys' fees. Hence, the offer of judgment included a definite amount of judgment as well as general release that contemplated attorneys' fees.

---

6. In the analogous, but inverse situation in which a defendant conditioned the offer of judgment on acceptance by multiple plaintiffs, the Ninth Circuit held that condition to be enforceable as well. *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir.1994) ("We see no reason why a defense offer conditioned upon joint acceptance by both plaintiffs should not qualify for Rule 68 treatment."). Further, the only other conditions that have been addressed by other courts fall into three categories, but the court does not find any to be particularly availing. First, the Second Circuit also held that an offer of judgment conditioning repayment on

the requirement that the settlement be confidential is unenforceable. *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341–42 (2d Cir.2005). Second, two district courts have held an offer of judgment contingent on subsequent approval by a city council is unenforceable. *Frazier v. Harris*, 218 F.R.D. 173, 175 (C.D.Ill.2003); *Marnell v. Carbo*, 499 F.Supp.2d 202, 207 (N.D.N.Y.2007). Third, a district court held an offer of judgment was still enforceable even though it included the condition that there was no admission of liability. *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434, 435 (N.D.Ill.1985).

Moreover, even if attorneys' fees were not excluded by the general release, the Does would still be unable to seek attorneys' fees against the District. The Does' only claim for attorneys' fees is based on their assertion that they are a prevailing party under § 1988(b), since a § 1983 claim was pending against the two individual defendants, Jim Ray and Todd E. Hardy, Sr., at the time the offer of judgment was accepted. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [certain civil rights statutes including § 1983 claims], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs...."); *Bosley v. Mineral Co. Comm'n,* 650 F.3d 408, 413–14 (4th Cir.2011) (affirming an award of attorneys' fees after a plaintiff accepted an offer of judgment that was silent as to those fees and where the plaintiff moved for such fees as a prevailing party under § 1988(b)). The Does again suggest that the offer of judgment was made by all of the Defendants, and therefore they are prevailing parties against all three Defendants. (Pl. Reply 3–4, 7–9, ECF No. 35.) However, the Does conflate "making" an offer of judgment with how that judgment is "applied." Contrary to the Does' contention, the district court in *Stanczyk* did not hold the offer of judgment was made by all defendants, only that the offer "applied to all defendants." *Stanczyk,* 990 F.Supp.2d at 246 (E.D.N.Y. 2013), *aff'd,* 752 F.3d 273 (2d Cir.2014) ("[T]he Offer clearly applied to all defendants.") As previously discussed, it was only the District who made the offer and judgment was only entered against it, despite the fact that the offer of judgment and its general release applies to all the Defendants (and anyone else affiliated with the District). Since the offer of judgment expressly takes judgment against the District only, which did not have a § 1983 claim pending against it, the Does cannot be considered a prevailing party under § 1988(b) and therefore their claim for costs and attorneys' fees is futile. Based on the foregoing, the court finds the offer of judgment valid and enforceable, and that no error of law was committed in its ruling.

### C. Mootness and Post–Judgment Interest

In addition, as a procedural matter, the Does also request that the court enter a ruling granting or denying their motion for attorneys' fees. However, the court finds dismissing the motion as moot is appropriate. Based on the court's denial of the motion to vacate the offer of judgment and holding that the offer of judgment was valid and enforceable, the court finds its ruling at the hearing mooted the Does' claim for attorneys' fees as there was no controversy to decide regarding attorneys' fees.

Lastly, the Does also contend that post-judgment interest is accruing on the judgment of record. However, to date, the Does have not complied with the specific terms of the offer of judgment, specifically the requirement of signing the general release. Since the Does' receipt of the judgment amount is delayed by their own failure to comply with the specific terms of the offer of judgment, the court finds the Does are not entitled to post-judgment interest until the Does comply with the offer of judgment.

It is therefore

**ORDERED** that the Does' motion for reconsideration, docket number 33, is denied.

**IT IS SO ORDERED.**